UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-10214-SVW-MAN | Date | July 16, 2013 |
|---|---|---|---|
| Title | Nataniel Wilson et al v. The Mill Group Inc et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER re: Motion for Preliminary Approval of Settlement, Class Certification, and Approval of Notice to the Class [40]

## I.     INTRODUCTION

Plaintiffs Nathaniel Wilson, Daveed Shwartz, Richard Servello, and Tim Hoffman ("Plaintiffs") seek preliminary approval of class settlement. In particular, Plaintiffs request (1) preliminary approval of the proposed settlement; (2) conditional certification of the settlement class; and (3) approval of the proposed notice plan advising the settlement class members of the proposed settlement. (Dkt. 40 at 1). Defendants The Mill Group, Inc. ("Mill") and Churchill Benefit Corporation, doing business as Yurcor ("Yurcor"), have not opposed the motion. On July 15, 2013, the Court heard oral arguments. Having considered the proposed settlement and the papers submitted, Plaintiffs' motion for preliminary approval of class settlement is DENIED.

## II.     BACKGROUND

### A.     Procedural History

On September 14, 2012, Plaintiffs filed this action in Superior Court of California, Los Angeles County, against Defendants Mill and Yurcor (collectively, "Defendants"), alleging that Defendants violated various California state labor laws by misclassifying Plaintiff and similarly situated employees as independent contractors and deducting from their wages so-called "administrative overhead costs" comprised of employer-required FICA, FUTA, and SUI taxes and workers compensation. (Dkt. 1, Ex. 1). Plaintiffs filed a First Amended Complaint on October 29, 2012. (Dkt. 1 ¶ 5).

On November 29, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Dkt. 1 ¶ 1). On February 12, 2013, before any motion practice, Plaintiffs filed a Second

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-10214-SVW-MAN | Date | July 16, 2013 |
|---|---|---|---|
| Title | Nataniel Wilson et al v. The Mill Group Inc et al | | |

Amended Complaint. (Dkt. 27).[1] On March 19, 2013, after participating in private mediation, Defendant Mill filed a Notice of Settlement of the entire action. (Dkt. 31). Plaintiff then filed the instant Motion, along with the proposed class settlement, on June 28, 2013.

### B. Terms of Proposed Settlement Agreement

Defendants have agreed to pay $1.35 million as the total settlement amount ("Settlement Amount"), without admitting liability. (Dkt. 40, Ex. A ("Settlement Agreement") § 2(C)(1)). The settlement is premised on the conditional certification of the proposed class, defined as: "All individuals who at any time on or after September 14, 2009 and up to and including March 14, 2013 worked or performed and completed services in California for The Mill in the pre-production, production or post-production processes of motion pictures, television programs advertising, game art of other visual content, as to whom Yurcor performed services for The Mill and/or the respective individual . . . ." (Id. § 2(A)(2)). Subject to the Court's approval, Plaintiffs will be appointed Class Representatives, and their counsel will be appointed Class Counsel for the settlement class. (Id. § 2(A)(3)). If preliminary approval is granted, notice to Class Members shall be sent by July 17, 2013, and Class Members shall have until August 30, 2013, to opt-out of the settlement. (Id., Ex. 3). Each Class Member who does not opt-out shall have the right to a defined share of the "Net Funds Available." "Net Funds Available" means the total Settlement Amount, less certain fixed awards, as estimated below:[2]

| | |
|---|---|
| $1,350,000 | Total Settlement Amount |
| - *$6,000* | Contribution Awards to the Class Representatives, subject to Court approval (Plaintiffs propose $1,500 for each named Plaintiff); |
| - *$450,000* | Attorneys' fees awarded to Class Counsel by the Court (up to 33 1/3 percent of the Settlement Amount, i.e., $450,000) |
| - *$8,290* | Litigation costs awarded by the Court; |
| - *$15,000* | Administration costs |
| - $10,000 | Payment to California Labor Workforce Development Agency |
| **$860,710** | **Net Funds Available** |

Out of the Net Funds Available, each Class Member shall be paid two sums: (1) the unpaid wages that were wrongfully deducted from each Class Member's paychecks ("Disputed Payroll

---

[1] The docket indicates, however, that the Second Amended Complaint was stricken because it was not manually filed. Plaintiffs never refiled the document. (Dkt. 26).

[2] Italicized figures are not fixed in the Settlement Agreement, but rather are tentatively based on estimates in Plaintiff's motion and subject to Court approval.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-10214-SVW-MAN | Date | July 16, 2013 |
|---|---|---|---|
| Title | Nataniel Wilson et al v. The Mill Group Inc et al | | |

Deductions") and (2) a waiting-time penalty, calculated by dividing evenly the remaining Net Funds Available (after paying the wage portion) among the Class Members.[3] (Settlement Agreement § 2(C)(2)). Plaintiffs attach as Exhibit 2 to their motion a chart listing the precise amounts in unpaid wages to each putative Class Member, and estimate that the "Disputed Payroll Deductions" will total approximately $437,643.73. Thus, Plaintiffs anticipate that the waiting-time penalties will total roughly the same amount. (Mot. at 4).

Class Members who do not opt out agree to release Defendants from liability for all claims, known or unknown, that relate to the claims asserted in the operative complaint, covering the period up to and including July 15, 2013. (Settlement Agreement § 6).

As alluded to above, Plaintiffs' counsel shall make, and Defendants agree not to oppose, an application for attorneys' fees not to exceed 33 1/3 percent of the Settlement Amount, to be paid from the Settlement Amount. (Id. § 7). Defendants also agree not to oppose any request for "case contribution awards" of up to $6,000 for the four named Plaintiffs. (Id.).

### III.   DISCUSSION

#### A.   Legal Standard

Rule 23 requires judicial review of any settlement of the "claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). Approval of a proposed class action settlement entails a two-step process. See MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 21.632-635 (2004). The Court first conducts a preliminary fairness evaluation. Id. If the Court preliminarily approves the settlement, notice to the class is sent and a "fairness" or final approval hearing is scheduled, at which the proponent of the settlement must demonstrate that the settlement is "fair, reasonable, and adequate." Id.; Fed. R. Civ. P. 23(e)(2).[4]

---

[3] The Court notes that Plaintiffs' motion describes the calculation of the waiting-time penalty differently, envisioning a pro-rata calculation based on the ratio of each Class Member's unpaid wages to the total "Disputed Payroll Deductions" slice of the Net Funds Available.

[4] Where, as here, "parties reach a settlement agreement prior to class certification, courts generally must peruse the proposed compromise to ratify both [1] the propriety of the certification and [2] the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). Because the Court rejects the proposed settlement on fairness grounds, however, it refrains from addressing the certification issue until an amended proposed settlement is filed.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-10214-SVW-MAN | Date | July 16, 2013 |
|---|---|---|---|
| Title | Nataniel Wilson et al v. The Mill Group Inc et al | | |

"The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). Where, as here, a settlement has been reached prior to formal class certification, "a higher standard of fairness" applies due to "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative[.]" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). In assessing fairness, the settlement must be "taken as a whole," and the settlement "must stand or fall in its entirety." Id.

Fairness depends on a balancing of several factors: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003).

At this preliminary stage, because class members will receive an opportunity to be heard, "a full fairness analysis is unnecessary . . . ." Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal quotation marks omitted). Instead, preliminary approval is appropriate where "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . ." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation and citation omitted).

**B.    Application**

The Court takes issue with the anticipated attorneys' fees request in the proposed settlement agreement. "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" Staton v. Boeing, 327 F.3d 938, 963 (9th Cir. 2003). Accordingly, the Ninth Circuit has instructed district courts to "carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." Id.; see also Zucker v. Occidental Petroleum Corp., 192 F.3d 1232, 1328 (9th Cir. 1999) ("In a class action, whether the attorneys' fees come from a *common fund* or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper" (emphasis added)). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-10214-SVW-MAN | Date | July 16, 2013 |
|---|---|---|---|
| Title | Nataniel Wilson et al v. The Mill Group Inc et al | | |

members or less injunctive relief for the class than could otherwise have obtained." Staton, 327 F.3d at 964.

      Here, Plaintiffs' attorneys' fees request appears excessive. Common-fund fee awards ordinarily should "range from 20[%] to 30[%] of the fund created," with 25% serving as the "bench mark" percentage. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989); Hanlon, 150 F.3d at 1029 ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). The bench-mark percentage may "then be adjusted upward or downward to account for any unusual circumstances involved" in the particular case. Graulty, 886 F.2d at 272. Here, Plaintiffs' counsel has not made a sufficient showing to justify an upward departure from the benchmark percentage. For example, Plaintiffs' instant motion contains no information about the hours worked or billing rates, and fails to explain what unusual circumstances in this case would warrant a percentage fee at the highest end of the typical range. Given that the parties barely conducted any litigation in this Court, it is difficult to understand what reasons Plaintiffs might have for seeking augmented fees. At bottom, the Court's finding that the fees agreed to by the parties is unreasonably high raises the specter that Plaintiffs' counsel has "allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) (noting that one sign of such infection is "when counsel receive a disproportionate distribution of the settlement"). Because the Court cannot conclude that the proposed settlement is the product of non-collusive negotiations, the motion to preliminarily approve the settlement is DENIED.

**IV.    CONCLUSION**

      In light of the Court's concerns, the motion for preliminary approval, conditional class certification, and approval of notice is DENIED without prejudice. The parties may file an amended motion no later than July 30, 2013. If the Court does not receive an amended motion for preliminary approval by that date, it will reset the trial and pretrial dates in this matter and proceed with the litigation. The amended motion should also set forth an amended schedule of events based on the same intervals found in the instant motion. (Dkt. 40 at 22-23).

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |