STUART LIBICKI, Esq. (SBN 57626)
SCHWARTZ, STEINSAPIR,
  DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048-5268
Telephone:   (323) 655-4700
Facsimile:   (323) 655-4488
Email:        sl@ssdslaw.com

WILLIAM T. PAYNE (SBN 90988)
PAMINA EWING (PA Bar # 59244)
FEINSTEIN DOYLE
  PAYNE & KRAVEC, LLC
429 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219
Phone:  (412) 281-8400
Fax: (412) 281-1007
wpayne@stemberfeinstein.com
pewing@stemberfeinstein.com

Arthur Grebow, Esq. (SBN 41374)
GREBOW & RUBIN LLP
16133 Ventura Boulevard, Suite 260
Encino, CA  91436
Phone: 818-783-1100
Fax: (818) 783-1103
agrebow@grebowrubinlaw.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NATHANIEL WILSON, et al.,<br><br>                   Plaintiffs,<br><br>         vs.<br><br>THE MILL GROUP INC., et al.,<br><br>                   Defendants. | CASE NO.:  2:12-CV-10214-SVW-MAN<br><br>**PLAINTIFFS' AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS**<br><br>Date:        **September 9, 2013**<br>Time:        **1:30 P.M.**<br>Place:       **Courtroom 6** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................... 1

STATEMENT OF FACTS .................................................................. 2

    Description of the Action ............................................................... 2

    Monetary Relief to Be Awarded Settlement Class Members ...................... 3

    Reasons for the Settlement ............................................................. 5

    Settlement Negotiations ................................................................ 6

ARGUMENT ...................................................................................... 6

    The Proposed Settlement Satisfies this Circuit's Fairness Factors
    and Should be Preliminarily Approved by the Court ............................... 6

        Factors to be Considered by the Court in the Preliminary
        Approval of a Class Action Settlement ...................................... 6

        The Strength of Plaintiffs' Case ............................................... 8

        The Risk, Expense, Complexity and Likely Duration of the
        Litigation Favors Settlement ................................................... 9

        The Risk of Maintaining Class Action Status
        Throughout Trial ................................................................. 10

        The Amount and Form of Relief Offered in Settlement .............. 10

        The Stage of the Proceedings and the Amount of Discovery
        Completed ......................................................................... 11

        The Recommendation and Experience of Counsel ...................... 12

        The Objections Raised by the Class Members ........................... 13

        Proposed Notice to the Class is Adequate ................................ 14

        The Proposed Notice Plan and Claims Procedures Meet the
        Requirements of Due Process .................................................. 14

        The Proposed Class Meets the Prerequisites for Class
        Certification Under Rule 23(a) ................................................ 16

        Numerosity ........................................................................ 17

i

## TABLE OF CONTENTS (continued)

**Page**

**Commonality** ...................................................................................17

**Adequacy**.........................................................................................19

**The Class May be Properly Certified under Rule 23(b)(3)** .......................20

**SCHEDULE**.....................................................................................22

**CONCLUSION**.................................................................................24

ii

ID. #_____

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

# TABLE OF AUTHORITIES

**Page**

## CASES

### Federal

*Amchem Products, Inc. v. Windsor,*
   521 U.S. 591 (1997)..........................................................................16

*Armstrong v. Davis,*
   275 FJd 849 (9th Cir. 2001).............................................................18

*Boyd v. Bechtel Corp.,*
   485 F. Supp. 610
   (N.D. Cal. 1979)........................................................................12, 13

*Chemical Bank  v. City of Seattle,*
   955 F.2d 1268
   (9th Cir. 1992)...................................................................................8

*Class Plaintiffs v. Seattle,*
   955 F.2d 1268
   (9th Cir. 1992).............................................................................6, 10

*Cotton v. Hinton,*
   559 F.2d 1326
   (5th Cir. 1977)................................................................................12

*Duhaime v. John Hancock Mut. Life Ins. Co.,*
   177 F.R.D. 54
   (D. Mass. 1997)...............................................................................16

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),*
   213 F.3d 454
   (9th Cir. 2000)...................................................................................8

*Gautreaux v. Pierce,*
   690 F.2d 616
   (7th Cir. 1982)................................................................................10

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011
   (9th Cir. 1998)........................................................................*passim*

*Hanon v. Dataproducts Corp.,*
   976 F.2d 487
   (9th Cir. 1992)................................................................................19

*In re ADC Telecomms., Inc. ERISA Litig.,*
   No. 03-CV-2989
   (D. Minn. Oct. 16, 2006)................................................................16

iii

1

**TABLE OF AUTHORITIES (continued)**

2

**Page**

3

**CASES (continued)**

4

**Federal (continued)**

5
6

*In re Centocor, Inc. Sec. Litig. 111*, No. 12 98-CV-0260,
   1999 U.S. Dist. LEXIS 1224, at *6
   (E.D. Pa. Jan. 27, 1999) ...................................................19

7
8

*In re Corrugated Container Antitrust Litig.*, (II),
   659 F.2d 1322
   (5th Cir. 1981) ............................................................11

9
10

*In re Domestic Air Transp. Antitrust Litig.*,
   148 F.R.D. 297
   (N.D. Ga. 1993) ..........................................................11

11
12

*In re Global Crossing*,
   225 F.R.D. 436
   (S.D.N.Y.2004) ...........................................................10

13
14

*In re Ikon Office Solutions, Inc.*,
   191 F.R.D. 457
   (E.D. Pa. 2000) ...........................................................19

15
16

*In re Immune Response Sec. Litig.*,
   497 F. Supp.2d 1166
   (S.D. Cal. 2007) ..........................................................12

17
18

*In re Mago Fin. Corp. Sec. Litig.*,
   213 F.3d 454
   (9th Cir. 2000) ............................................................11

19
20

*In re Omnivision Technologies, Inc.*,
   559 F.Supp.2d 1036
   (N.D. Cal. 2008) ........................................................8, 12

21
22

*In re Sprint Corp. ERISA Litig.*,
   443 F. Supp.2d 1249
   (D. Kan. 2006) ............................................................16

23
24

*In re Sumitomo Cooper Litig.*,
   189 F.R.D. 274
   (S.D.N.Y.1999) .............................................................9

25
26

*In re Syncor ERISA Litig.*,
   227 F.R.D. at 343 .........................................................17

27
28

*Jordan v. County of Los Angeles*,
   669 F.2d 1311
   (9th Cir. 1982) ............................................................17

**TABLE OF AUTHORITIES (continued)**

**Page**

**CASES (continued)**

**Federal (continued)**

*Kirkorian v. Borelli*,
     695 F. Supp. 446
     (N.D. Cal. 1988)..................................................................13

*Lerwill v. Inflight Motion Pictures, Inc.*,
     582 F.2d 507
     (9th Cir. 1978)...................................................................19

*Maley v. Del Global Tech. Corp.*,
     186 F.Supp.2d 358
     (S.D.N.Y. 2002)....................................................................9

*Marisol v. Giuliani*,
     126 F.3d 372
     (2d Cir. 1997)....................................................................19

*Mendoza v. Tucson Sch. Dist. No. 1*,
     623 F.2d 1338
     (9th Cir. 1980)...................................................................14

*Mullane v. Central Bank & Trust Co.*,
     339 U.S. 306 (1950)..............................................................15

*Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*,
     221 F.R.D. 523
     (C.D. Cal. 2004)....................................................................9

*Officers for Justice v. Civil Serv. Comm'n*,
     688 F.2d 615
     (9th Cir. 1982).............................................................6, 7, 8

*Rodriguez v. West Publishing Corp.*,
     563 F.3d 948
     (9th Cir. 2009)....................................................................7

*Silber v. Mabon*,
     18 F.3d 1449
     (9th Cir. 1994)...................................................................15

*Torrisi v. Tuscon Elec. Power*,
     8 F.3d 1370
     (9th Cir. 1993)................................................................7, 8

v

**TABLE OF AUTHORITIES (continued)**

**Page**

**CASES (continued)**

**Federal (continued)**

*Utility Reform Project v. Bonneville Power Admin.*,
    869 F.2d 437
    (9th Cir. 1989)....................................................................................7

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943
    (9th Cir. 1976)....................................................................................7

*Weinberger v. Kendrick*,
    698 F.2d 61
    (2d Cir. 1982)...................................................................................15

*Whitford v. First Nationwide Bank*,
    147 F.R.D. 135
    (W.D. Ky. 1992).................................................................................15

*Williams v. Vukovich*,
    720 F.2d 909
    (6th Cir. 1983)............................................................................12, 15

**West Law Cases**

*Colapinto v. Esquire Deposition Services, LLC*,
    No. 0918 07584,
    2011 WL 913251, at *6
    (C.D. Cal. Mar. 8, 2011) ....................................................................18

*Colesberry v. Ruiz Food Products, Inc.*,
    No. 04-CV-5516,
    2006 WL 1875444, at *3
    (E.D. Cal. June 30, 2006)...................................................................17

*Flores v. CVS Pharmacy, Inc.*,
    No. 07-CV-05326,
    2010 WL 3656807, at *8
    (C.D. Cal. Sept. 7, 2010)....................................................................18

*Glass v. UBS Financial Services. Inc.*,
    No. 06-CV-4068,
    2007 WL 221862, at *4
    (N.D. Cal. Jan. 26, 2007) ...................................................................11

vi

# TABLE OF AUTHORITIES (continued)

**Page**

## CASES (continued)

### West Law (continued)

*In re Heritage Bond Litigation,*
No. 02-ML-1475,
2005 WL 1594403, at *6
(C.D. Cal. June 5, 2005) ...................................................... 9

*In re Omnivision Tech., Inc.,*
No. 04-CV-2297,
2008 WL 123936, at * 3
(N.D. Cal. Jan. 9, 2008) ...................................................... 8

*Keele v. Wexler,*
149 F. 3d 589
(7th Cir. 1998) .................................................................... 17

*Manners v. American Gen. Life Ins. Co.,*
No. 98-CV-0266,
1999 WL 33581944, at *20
(M.D. Tenn. Aug. 11, 1999) ............................................... 10

*Santos v. Comancho,*
2007 WL 81868, at * 6
(D. Guam Jan 9, 2007) ...................................................... 21

*UAW v. Gen. Motors Corp.,*
No. 05-CV-73991,
2006 WL 891151, at *17
(E.D. Mich. Mar. 31, 2006) ............................................... 11

## STATUTES

### State

**California Labor Code:**

§ 201.5 ............................................................................... 18

§ 203 ................................................................................. 18

§ 221 ................................................................................. 18

§ 223 ................................................................................. 18

§ 224 ................................................................................. 18

§ 226.8 ............................................................................... 18

§ 2753 ............................................................................... 18

vii

ID. # _____   PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

**TABLE OF AUTHORITIES (continued)**

**Page**

**STATUTES (continued)**

**Federal Rules**

**Federal Rules of Civil Procedure:**

Rule 23 ...........................................................................................1, 16

Rule 23(a)..........................................................................................16, 20

Rule 23(a)(1)......................................................................................16, 17

Rule 23(a)(2)......................................................................................17, 18

Rule 23(a)(3)......................................................................................18, 19

Rule 23(a)(4)......................................................................................19, 20

Rule 23(b) .........................................................................................16, 20

Rule 23(b)(3) .....................................................................................20, 21

Rule, 23(c)(2)(B)......................................................................................14

Rule 23(e) ..................................................................................................6

Rule 23(e)(1)(B).......................................................................................15

Rule 23(e)(2).............................................................................................7

Rule 23(g)................................................................................................21

Rule 23(g)(1)(A)......................................................................................21

Rule 23(g)(1)(B)......................................................................................21

Rule 23(g)(1)(C)......................................................................................22

**OTHER AUTHORITIES**

1 Herbert Newberg & Albert Conte,
NEWBERG ON CLASS ACTIONS § 3:05
(2d ed. 1985) ...........................................................................................17

4 A. Conte & H. Newberg,
Newberg on Class Actions, § 11:50 at 155
(4th ed.2002) .............................................................................................9

Newberg & Conte,
NEWBERG ON CLASS ACTIONS §11.41
(3d ed. 1992) .............................................................................................6

ID. #_____

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

## <u>TABLE OF AUTHORITIES (continued)</u>

<u>Page</u>

## <u>OTHER AUTHORITIES (continued)</u>

Newberg on Class Actions, § 8.34
    (4th Ed. 2002) ................................................................................................16

# INTRODUCTION[1]

Plaintiffs Nathaniel Wilson, Daveed (aka "David") Shwartz, Richard Servello and Tim Hoffman ("Plaintiffs" or "Class Representatives") respectfully submit this Memorandum of Points and Authorities in Support of their Unopposed Motion for Preliminary Approval of Settlement; Certification of Settlement Class; Approval of the procedure and form of Notice to the Class Members ("Motion for Preliminary Approval"). Plaintiffs seek an Order (1) granting preliminary approval of the Settlement; (2) certifying the Settlement Class under Fed.R.Civ.P. 23; and (3) approving the proposed notice plan advising Settlement class members of the proposed Settlement.

The proposed Settlement described herein provides for the payment of $1,350,000.00 by Defendants. As detailed below and recited in the parties Settlement Agreement (hereinafter "SA" and filed herewith as Exhibit A to the accompanying Declaration of Arthur Grebow) ("Grebow Decl."), Plaintiffs and their counsel, based on their evaluation of the facts, the governing law and their recognition of the substantial risks of continued litigation, submit that the proposed Settlement is in the best interests of the Settlement Class. The Settlement provides a meaningful and timely recovery for the Settlement Class.[2] Although Plaintiffs are confident they would ultimately prevail in this Action, lawsuits of this type

---

[1] Except for the redlined changes as shown on Exhibit A attached hereto, this Amended Memorandum is the same as the one filed with the Unopposed Motions for Class Certification, Preliminary Approval of Settlement and Approval of Notice to the Class initially heard and denied on July 15, 2013.

[2] Unless otherwise noted, capitalized terms herein shall have the same meaning as such capitalized terms in the Settlement Agreement. Also, this Memorandum sets forth various factors (factual, legal, and financial) that support the conclusion that the settlement is fair, reasonable, and adequate. Plaintiffs do not admit to the ultimate truth or falsity of any of the factual, legal or financial factors or conclusions discussed herein that favor Defendants.

1

1  face significant risks, and in the judgment of Plaintiffs and their counsel, it is

2  prudent to enter into the Settlement.

3

4

5                    **STATEMENT OF FACTS**

6  **Description of the Action**

7        Defendant The Mill Group, Inc., dba The Mill ("the Mill") is a production

8  company, located in Los Angeles, that develops and creates visual effects for the

9  broadcasting of commercial advertisements, film and television.  Defendant The

10 Churchill Benefit Corporation, dba Yurcor ("Yurcor"), is a self-described

11 "provider of human resource services," which ostensibly provided labor-leasing

12 services pursuant to a contract with The Mill.  Settlement Class Members, who are

13 artists, were found, interviewed, retained on terms and conditions of employment

14 negotiated, and supervised by The Mill to perform services in the capacity of

15 "employees" but were hired by Yurcor as their "employer of record."

16       On September 14, 2012, Plaintiffs filed this class action against The Mill

17 and Yurcor in Los Angeles County Superior Court as Case No. BC492168.

18 Plaintiffs are members of the proposed Class.  Plaintiffs and the proposed class are

19 represented by Schwartz, Steinsapir, Dohrmann & Sommers LLP, Stember

20 Feinstein Doyle Payne & Kravec, LLC, and Grebow & Rubin, LLP (collectively,

21 "Class Counsel").

22       On November 29, 2012, Defendants removed the action to the United States

23 District Court, Central District of California.

24       On February 13, 2013, Plaintiffs filed a Second Amended Class Action

25 Complaint in the United States District Court of the Central District of California.

26 Plaintiffs proceeded on behalf of all similarly situated persons who had performed

27 artist services in California for The Mill and were employed by The Mill and/or

28 Yurcor at any time since the date three years prior to the commencement of the

2

Action on September 14, 2012.  Plaintiffs alleged (as they had in their original complaint) that Defendants, as joint employers, unlawfully deducted from Settlement Class Members' wages employer required FICA, FUTA, SUI taxes and Workers Compensation deductions (labeling the amounts deducted as "Administrative Overhead Costs") and/or improperly misclassified Settlement Class Members as independent contractors.

Thereafter, on March 14, 2013, the parties participated in a full-day mediation of the disputes at issue in this Action and reached a tentative settlement.

**Monetary Relief to Be Awarded Settlement Class Members**

Settlement Class Members (who do not opt out) shall have the right to obtain relief as follows:

a.      The Mill and Yurcor shall pay a settlement amount for all Claims for unpaid wages, deductions, penalties, attorneys' fees, costs, expenses, Settlement administration expenses, damages, restitution, interest and equitable relief in the sum of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) ("Settlement Amount").

b.      Net Funds Available for Settlement means the Settlement Amount set forth in subparagraph (a) above, less (1) case contribution awards to the Class Representatives as approved by the Court (which Plaintiffs propose in the amount of $1,500 for each of the four Plaintiffs); (2) the amount of attorneys' fees and litigation costs (estimated to be $10,000) awarded to Class Counsel by the Court (which Plaintiffs propose at a reasonable market rate with no multiplier and fees (exclusive of costs) not greater than 25% of the Settlement Amount, i.e., $337,500); and (3) administration costs (projected to be approximately $11,000), all of which combined will not exceed $364,500.  In other words, assuming Court approval of these proposed amounts, the Net Funds Available for Settlement to be distributed to Settlement Class Members, including the $10,000.00 to be

3

1  distributed to the California Labor Workforce Development Agency (referred to

2  below) are approximately $985,500 (73% of the Settlement Amount).

3          c.      More specifically, the amounts paid to Settlement Class

4  Members (who do not opt out) are referred to in the SA as "Admin OH Costs"

5  (that is, "Administrative Overhead Costs," the respective deductions from Class

6  Members' pay, which would be equivalent in each case to the amount that would

7  otherwise have been paid by the Defendants for the payment of employer payroll

8  taxes), which amounts are identified in Exhibit 2 of the SA. These are the amounts

9  that are due to each Class Member as wages, and they are projected to total

10 approximately $437,643.73.  Class Counsel may modify the amounts to correct

11 any errors discovered after the date of execution of this Agreement by jointly filing

12 a revised Exhibit 2 with the Court.  Thus, subject to Court approval and before

13 (and not after) distribution of Class Settlement Payments, Exhibit 2 may be

14 modified to correct errors, thus adjusting the specific amount of each Class

15 Member's "Administrative Overhead Costs."

16         d.      The California Labor Workforce Development Agency shall be

17 paid the sum of $10,000.00.

18         e.      Settlement Class Members (not opting out) shall also each be

19 paid a waiting-time penalty portion from the Settlement Amount in an amount

20 equal to the ratio of their wage portion of the Settlement Amount to the entire wage

21 portion the of the Settlement Amount (i.e., the Administrative Overhead Costs

22 mentioned in subparagraph (c) above that are projected to total approximately

23 $537,857, and it is currently anticipated that the penalty portion will be

24 approximately $2,619 per Class member).

25         f.      As noted, each of the four Class Representatives shall receive a

26 case contribution award in the amount of $1,500.00 (subject to Court approval), in

27 recognition of their time and efforts in pursuing this Action on behalf of Settlement

28 Class Members.

4

**Reasons for the Settlement**

Plaintiffs have entered into this Settlement with a full and comprehensive understanding of the strengths and weaknesses of their claims. Plaintiffs' understanding is based on Class Counsel's extensive investigation during the prosecution of this action, which has included, *inter alia*: (i) extensive independent factual research, and (ii) research of the law applicable to the claims asserted and the potential defenses thereto. Grebow Decl. ¶¶ 9-14.

In addition, in assessing the merits of the proposed Settlement, Plaintiffs' counsel have also considered the risks and uncertainties of proceeding with the litigation, and Plaintiffs' likelihood of ultimately prevailing at trial in light of various factors. For example, Plaintiffs would be required to obtain certification of the putative class. While Plaintiffs are confident that they would secure class certification, it is possible that the Court would deny certification, certify a class period shorter than the Settlement Class Period agreed to as part of the proposed Settlement, or certify subclasses and ultimately find certain subclasses are entitled to less relief than other subclasses. Grebow Decl. ¶14.

Assuming Plaintiffs prevailed in their motion for class certification, Plaintiffs would still be required to prove that each Defendant was liable. Moreover, Plaintiffs would also have to defeat Defendants' numerous defenses to liability. Plaintiffs would then also face the challenge of calculating and proving damages, the overwhelming portion of which are penalties. The settlement provides for the full payment of all wages due Class members for work performed through March 14, 2013 and does not preclude claims for any like violations thereafter. Grebow Decl. ¶¶12-14.

In sum, based on their extensive investigation, analysis of the risk, the attendant delay in litigating this case on the merits, the risks of establishing liability and damages, and likely appeals regardless of which side prevailed at trial, Plaintiffs and Class Counsel's judgment counsels in favor of accepting the

5

proposed Settlement, which provides a certain and definite benefit to the
Settlement Class Members.    Accordingly, Plaintiffs and Class Counsel have
concluded, and respectfully submit to this Court, that the terms and conditions of
the $1,350,000.00 Settlement are fair, reasonable and adequate.

**Settlement Negotiations**

The settlement negotiations were hard fought and at arms' length.    The
Parties engaged in a full day of mediation, and Plaintiffs engaged in extensive
preparation for the mediation by conducting additional factual and legal research
and damage analyses, culminating in the drafting and submission of a
comprehensive mediation memorandum.    Grebow Decl. ¶10.    The Parties
subsequently engaged in additional negotiations regarding the appropriate
language for the proposed Settlement presented to the Court herein.

In sum, the negotiations in this matter were undoubtedly arms' length and
intense, with both sides strenuously arguing their respective positions.

## **ARGUMENT**

**The Proposed Settlement Satisfies this Circuit's Fairness Factors and Should
be Preliminarily Approved by the Court**

**Factors to be Considered by the Court in the Preliminary Approval of a
Class Action Settlement**

Federal Rule of Civil Procedure 23(e) requires judicial approval for any
compromise of claims brought on a class basis. The district court has sound
discretion to determine whether a proposed settlement should be approved, and
such discretion should be exercised in the context of a public policy which strongly
favors the pretrial settlement of class action lawsuits.    *See Class Plaintiffs v.
Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv.
Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); Newberg & Conte, NEWBERG ON

6

CLASS ACTIONS §11.41 (3d ed. 1992).  "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits."  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

Recognizing that a settlement represents an exercise of judgment by the negotiating parties, *Torrisi v. Tuscon Elec. Power*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), the Ninth Circuit has directed that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers for Justice*, 688 F.2d at 625.

Indeed, at the preliminary approval stage, the Court need only examine whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys.  *Id.*  Here there is no doubt that the proposed Settlement satisfies all Ninth Circuit criteria and, therefore, merits approval.

In the Ninth Circuit, district courts are required to consider "some or all" of eight different factors in determining whether a class action settlement is "fair, reasonable and adequate" as required by Federal Rule of Civil Procedure 23(e)(2).  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  These factors include:

    (a)    the strength of the plaintiff's case;

    (b)    the risk, expense, complexity, and likely duration of further litigation;

    (c)    the risk of maintaining class action status throughout the trial;

7

(d)     the amount offered in settlement;

(e)     the extent of discovery completed and the stage of the proceedings;

(f)     the experience and views of counsel;

(g)     the presence of a governmental participant; and

(h)     the reaction of the class members to the proposed settlement.

*Id.; see also Hanlon v. Chrysler Corporation*, 150 F. 3d 1011, 1026 (9th Cir. 1998), *citing, Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993). These factors are not designed to be exhaustive; rather courts are instructed to evaluate the applicable factors based upon the context of the case and the proposed settlement. *In re Omnivision Tech., Inc.*, No. 04-CV-2297, 2008 WL 123936, at * 3 (N.D. Cal. Jan. 9, 2008), *citing Officers for Justice*, 688 F.2d at 625.   The primary focus of this inquiry is to ensure that the parties' agreement is "free from collusion." *Hanlon*, 150 F.3d at 1027.

As demonstrated below, this Settlement satisfies the criteria for preliminary approval.

**The Strength of Plaintiffs' Case**

One of the key factors in evaluating a proposed settlement is the "risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement." *In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036 (N.D. Cal. 2008), *citing Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*, 213 F.3d 454, 458 (9th Cir. 2000).  "The court need not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Chemical Bank v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992), *quoting, Officers for Justice*, 688 F.2d at 625 (internal quotations omitted).

Here, while Plaintiffs' believe their claims are meritorious, this is not a simple case, and there are no guarantees that Plaintiffs would prevail.   The

8

1   employment model used by Defendants seems novel, and there is little law, which

2   means that there is little direct precedent for Plaintiffs' success on the particular

3   facts at issue.  Defendants have also raised a number of defenses.

4        Accordingly, these considerations weigh heavily in favor of settlement

5   approval.

6        **The Risk, Expense, Complexity and Likely Duration of the Litigation**

7        **Favors Settlement**

8        Courts favor the settlement of class actions, given their inherent complexity.

9   *In re Heritage Bond Litigation*, No. 02-ML-1475, 2005 WL 1594403, at *6 (C.D.

10  Cal. June 5, 2005), *citing Maley v. Del Global Tech. Corp.*, 186 F.Supp.2d 358,

11  364 (S.D.N.Y. 2002); *In re Sumitomo Cooper Litig.*, 189 F.R.D. 274, 281

12  (S.D.N.Y.1999) ("class action suits in general have a well-deserved reputation as

13  being most complex ....").

14       Accordingly, courts in this Circuit have recognized that, "[i]n most

15  situations, unless the settlement is clearly inadequate, its acceptance and approval

16  are preferable to lengthy and expensive litigation with uncertain results."  *In re*

17  *Heritage Bond Litig.*, 2005 WL 1594403, at *6, *quoting Nat'l Rural Telecom.*

18  *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (*quoting* 4 A.

19  Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th

20  ed.2002)(internal quotations omitted).

21       Plaintiffs have already expended extensive time and resources litigating this

22  Action.  In the absence of settlement now, the parties will face further litigation of

23  this Action.   First, the parties would face continued merits discovery, class

24  certification proceedings, dispositive motions, and trial, and any final judgment

25  would likely be appealed to the Ninth Circuit, which would likely take significant

26  time to schedule given the Ninth Circuit's case load.  These litigation efforts would

27  be costly to all parties and will require significant judicial oversight.   More

28  importantly, such further litigation presents absolutely no guarantee that Plaintiffs

1  will achieve any recovery, let alone a recovery greater than the proposed

2  Settlement consisting of $1,350,000.00 million.  Accordingly, this factor weighs

3  strongly in favor of Settlement approval.

4       **The Risk of Maintaining Class Action Status Throughout Trial**

5       Concurrently, Plaintiffs motion seeks class certification that will not be

6  opposed by Defendants.  Although Plaintiffs and Class Counsel believe that the

7  putative class will be certified, they also recognize that there is no guarantee,

8  particularly given recent Supreme Court jurisprudence on class certification.

9  Based on Class Counsel's experience in these kinds of cases, it is likely that

10  Defendants would vigorously oppose class certification.  The risks associated with

11  class certification increase the risk of maintaining the proposed class, and therefore

12  support settlement.  *In re Global Crossing*, 225 F.R.D. at 460 (concluding

13  settlement was appropriate because defendants may contest class certification

14  "thereby creating appreciable risk to the class members' potential for recovery").

15       While Plaintiffs believe that they would prevail at class certification even if

16  settlement, Plaintiffs and Class Counsel recognize that Defendants would seek to

17  challenge Plaintiffs' future motion for class certification, possibly resulting in

18  additional appeals, thereby further delaying the final resolution of this Action.

19       **The Amount and Form of Relief Offered in Settlement**

20       The general standard by which courts are guided when deciding whether to

21  grant preliminary approval of a class action settlement is whether the proposed

22  settlement falls within the range of what could be found "fair, adequate, and

23  reasonable," so that notice may be given to the proposed class and a hearing for

24  final approval can be scheduled.  *Class Plaintiffs v. Seattle*, 955 F.2d at 1276;

25  *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (If the court finds that a

26  proposed settlement is "within the range of possible approval" and that notice

27  should be given, "the next step is the fairness hearing."); *see also, Manners v.*

28  *American Gen. Life Ins. Co.*, No. 98-CV-0266, 1999 WL 33581944, at *20 (M.D.

Tenn. Aug. 11, 1999), citing *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) ("[i]n assessing the settlement, the court must determine whether it falls within the range of reasonableness, not whether it is the most favorable possible result in the litigation"). Indeed, settlements virtually never result in the recovery of full amount of alleged losses. *UAW v. Gen. Motors Corp.*, No. 05-CV-73991, 2006 WL 891151, at \*17 (E.D. Mich. Mar. 31, 2006). Rather, a "just" settlement is generally "an arbitrary point between competing notions of reasonableness." *Id.*, citing *In re Corrugated Container Antitrust Litig.*, (II), 659 F.2d 1322, 1325 (5th Cir. 1981).

Here, the Settlement provides valuable case relief to all Class Members. Indeed, Class Members will receive all wages alleged to have been unlawfully deducted and penalties in an equal amount. If approved, the Settlement Fund will be allocated as discussed above. Although Plaintiffs and Class Counsel believe that they can overcome the potential obstacles to establishing Defendants' liability and damages, they recognize the inherent uncertainties of litigation which militate in favor of settlement at this time.

### The Stage of the Proceedings and the Amount of Discovery Completed

Formal discovery is not a prerequisite for class action settlements as long as counsel for both parties possesses sufficient information to properly evaluate the proposed settlement. *Glass v. UBS Financial Services. Inc.*, No. 06-CV-4068, 2007 WL 221862, at \*4 (N.D. Cal. Jan. 26, 2007), citing *In re Mago Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The breadth and substance of Class Counsel's knowledge of this case are unquestionably adequate to support the settlement. As summarized above, Class Counsel conducted an extensive investigation and promptly initiated extensive discovery before mediation, for which Defendants provided key documents after negotiation between counsel. Prior to entering into the Settlement Agreement, Plaintiffs and Class Counsel thoroughly researched and analyzed the facts and relevant jurisprudence both

11

1  supporting and undermining Plaintiffs' claims and the defenses raised by

2  Defendants.   Even before filing the Complaint, Class Counsel conducted an

3  extensive investigation in relation to the Action.

4      Plaintiffs respectfully submit that the informal discovery and independent

5  investigative efforts in this litigation provided them with more than ample

6  information to properly and fairly assess the merits of the proposed settlement

7  agreement.

8      **The Recommendation and Experience of Counsel**

9      Courts afford a presumption of reasonableness to recommendations by

10  plaintiffs' counsel regarding a proposed settlement.   *In re Omnivision*

11  *Technologies, Inc.*, 2008 WL 123936, at *5, citing *Boyd v. Bechtel Corp.*, 485 F.

12  Supp. 610, 622 (N.D. Cal. 1979). Furthermore, when "[b]oth parties are

13  represented by experienced counsel [] their mutual desire to adopt the terms of the

14  proposed settlement, while not conclusive is entitled to a great deal of weight." *In*

15  *re Immune Response Sec. Litig.*, 497 F. Supp.2d 1166, 1174 (S.D. Cal. 2007),

16  citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983); *Cotton v.*

17  *Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

18      Here, Class Counsel are experienced class action attorneys and they

19  recommend this settlement. *See* firm resumes, attached as Exhibits B to E to the

20  Grebow Decl.  As described in the firm resumes, Stember Feinstein Doyle Payne

21  & Kravec, LLC ("SFDPK") has a prominent national class action practice, and has

22  represented employees in numerous class actions around the country, including in

23  federal court in California.  SFDPK has substantial experience in complex class

24  action litigation.

25      Arthur Grebow of Grebow & Rubin, LLP has over 45 years of experience as

26  a litigator in State and Federal Courts and has participated in the prosecution and

27  defense of numerous class actions.

28

Schwartz, Steinsapir, Dohrmann & Sommers, LLP has extensive experience in the practice of labor and employment law and has served as trial counsel in several class actions.

Accordingly, Plaintiffs respectfully submit that, given Class Counsel's extensive and broad-based experience litigating and successfully resolving complex class actions, its recommendation to accept the proposed Settlement carries significant weight.

Moreover, where a settlement results from vigorous arm's length negotiations between experienced counsel, it is presumptively fair, adequate and reasonable. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ("In judging the worth of a proposed settlement, the court must also keep in mind the fact that recommendation of acceptance by experienced and competent counsel is a fact entitled to great weight."); *see also*, *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

As described above, both sides have vigorously and aggressively prosecuted this case. Additionally, Class Counsel thoroughly researched and investigated the legal and factual bases for Plaintiffs' claims. Accordingly, at the time the proposed Settlement was achieved, they were fully apprised of the strengths and weaknesses of their claims.

There is no doubt that the Settlement was obtained without collusion and after good-faith bargaining between the parties, and this factor should be viewed in support of finding the Settlement fair, adequate and reasonable for purposes of preliminary approval.

**The Objections Raised by the Class Members**

At this stage of the litigation, prior to preliminary approval and class notice, no members of the Settlement Class have raised any objections to the Settlement Agreement.

13

**Proposed Notice to the Class is Adequate**

The proposed Notice Plan will fully inform Settlement Class members, of which there are 205, about the lawsuit, the proposed Settlement, and the facts that they need to make informed decisions about their rights.  The Class Notice will be sent by first-class mail to the last known address of the class members at least 60 days prior to the Fairness Hearing tentatively (subject to Class certification and preliminary Court approval of the Settlement) scheduled by the Court for October 7, 2013 at 1:30 P.M.  In addition, Plaintiffs will post the Notice on the Stember Feinstein website.   This will help ensure the dissemination of adequate and reasonable notice and information consistent with standards employed in notification programs designed to reach unidentified members of settlement groups or classes.

The Notice, attached as Exhibit 3 to the Settlement Agreement, provides detailed information about the proposed Settlement, including a comprehensive summary of its terms, litigation costs and incentive awards, and the terms of the releases of claims. The Notice also provides information about the Fairness Hearing date, Settlement Class members' rights to object (and deadlines and procedures for objecting), and the procedure to receive additional information. All Notices will provide potential class members with contact information for Class Counsel and the Claims Administrator.

**The Proposed Notice Plan and Claims Procedures Meet the Requirements of Due Process**

Notice of a proposed settlement to class members must be given in the most practicable manner under the circumstances, describing "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980); *see also*, FED. R. CIV. P. 23(c)(2)(B). In order to satisfy due process considerations, notice to Class members must be "reasonably

14

1   calculated under all the circumstances, to apprise interested parties of the pendency

2   of the action and afford them an opportunity to present their objections." *Silber v.*

3   *Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994), *quoting Mullane v. Central Bank &*

4   *Trust Co.*, 339 U.S. 306, 314 (1950). Courts have determined that direct mailings

5   to class members' last known address coupled with newspaper publication provide

6   class members with "a full and fair opportunity to consider the proposed decree

7   and develop a response." *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 139

8   (W.D. Ky. 1992), citing *Mullane* 399 U.S. at 315 and *Williams v. Vukovich*, 720

9   F.2d 909, 921 (6th Cir. 1983).

10      Here, Plaintiffs' proposed means of class notice exceed these standards.

11  Plaintiffs believe that the combination of the direct mail and Internet website

12  presence will result in a very high, likely 100%, percentage of actual notice to

13  affected participants and beneficiaries. This ensures that the proposed Notice and

14  Notice Plan not only meet but exceed the mandates of due process. Because the

15  Defendants employed Class Members, Plaintiffs expect that the contact

16  information possessed by Defendants for many class members will still be current

17  so as to ensure receipt of mailed notice. The Defendants have already provided

18  Plaintiffs with last known addresses of Class Members to facilitate the timely and

19  successful effectuation of this portion of the Notice Plan, if the Court finds it

20  appropriate.

21      Notice should also provide a "very general description of the proposed

22  settlement." *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982). Here, the

23  form and method of notice of proposed settlement agreed to by the parties satisfies

24  all due process considerations and meets the requirements of FED. R. CIV. P.

25  23(e)(1)(B). The proposed notice describe in plain English (i) the terms and

26  operation of the Settlement; (ii) the nature and extent of the release; (iii) the

27  maximum counsel fees and class representative compensation that may be sought;

28  (iv) the procedure and timing for objecting to the settlement; and (v) the date and

place of the fairness hearing.   Similar notice plans utilized in the settlement of
analogous actions have been judicially approved as appropriate, fair and adequate.
*See, e.g.*, *In re Sprint Corp. ERISA Litig.*, 443 F. Supp.2d 1249 (D. Kan. 2006)
(giving final approval of settlement including notice plan); *In re ADC Telecomms.,
Inc. ERISA Litig.*, No. 03-CV-2989 (D. Minn. Oct. 16, 2006); *see also*, *Duhaime v.
John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 62 (D. Mass. 1997) (finding that
notice in class action matter was "written in straightforward language readily
understandable by Class Members" and was sufficient to apprise class members of
proposed settlement, thus fulfilling due process requirements.).   As such, the
proposed notice forms satisfy the requirements of due process. See Newberg on
Class Actions, § 8.34 (4th Ed. 2002). Likewise, the notice gives class members the
opportunity to object.

This Notice program inarguably meet the requirements of Due Process and
FED. R. CIV. P. 23.

**The Proposed Class Meets the Prerequisites for Class Certification
Under Rule 23(a)**

The Ninth Circuit has long recognized that class actions may be certified for
the purpose of settlement only.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.
1998).    Further,  the  United  States  Supreme  Court  has  recognized  that  the
requirements for approving a settlement class are lower than those for a litigated
class.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class actions
created for the purposes of settlement are recognized under the general scheme of
Rule 23, provided that the class is eventually determined to meet the certification
requirements under Rule 23.  *Id.*

Rule 23(a) sets forth four prerequisites to class certification: (i) numerosity,
(ii) commonality, (iii) typicality, and (iv) adequacy of representation. In addition,
the class must meet one of the three requirements of Rule 23(b).  See FED. R. CIV.

P. 23.   The proposed Settlement Class is defined in the parties' Settlement Agreement as follows:

**Numerosity**

The Court should determine that the proposed class "is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).   Numerosity is satisfied in classes "with fewer than 100 members, and as few as 39. . ." *In re Syncor ERISA Litig.*, 227 F.R.D. at 343, citing *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 & N. 10 (9th Cir. 1982); *see also*, 1 Herbert Newberg & Albert Conte, NEWBERG ON CLASS ACTIONS § 3:05 (2d ed. 1985). Here, there are 205 Class Members, thereby making joinder impractical.   Accordingly, Plaintiffs submit that the proposed Settlement Class clearly satisfies the numerosity requirement of Rule 23(a)(1).

**Commonality**

Plaintiffs must demonstrate that there are questions of law or fact common to the class.   FED. R. CIV. P. 23(a)(2).   This requirement has been "construed permissively" and does not require that all questions of fact and law be common. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1019 (9th Cir. 1998).   "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Id.*

Commonality is met "where the defendants have engaged in standardized conduct towards members of the proposed class." *Colesberry v. Ruiz Food Products, Inc.*, No. 04-CV-5516, 2006 WL 1875444, at *3 (E.D. Cal. June 30, 2006), citing *Keele v. Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998).

The proposed Class in this action easily satisfies the commonality requirement of Rule 23(a)(2) because there are multiple questions of law and fact common to all prospective Class members in this action, including but not limited to:

17

Whether Defendants paid Class Members all wages owed;

Whether Defendants' conduct violated California *Labor Code § 201.5*;

Whether Defendants' conduct violated California *Labor Code § 203*;

Whether Defendants' conduct violated California *Labor Code § 221*;

Whether Defendants' conduct violated California *Labor Code § 223*;

Whether Defendants' conduct violated California *Labor Code § 224*;

Whether Defendants' conduct violated California *Labor Code § 226.8*;

Whether Defendants' conduct violated California *Labor Code§ 2753*; and

The appropriate amount of damages, restitution, and/or monetary penalties.

Accordingly, Plaintiffs submit that they have fully satisfied Rule 23(a)(2)'s prerequisite of commonality for class certification.

**Typicality**

Plaintiffs' claims are "typical" of the claims of all members of the proposed class, as required by Rule 23(a)(3). "Claims are 'typical' if they are 'reasonably co-extensive with those of absent class members.' In other words, where 'unnamed class members have injuries similar to those of the named plaintiffs and the injuries result from the same, injurious course of conduct,' typicality exists.' *Flores v. CVS Pharmacy, Inc.*, No. 07-CV-05326, 2010 WL 3656807, at *8 (C.D. Cal. Sept. 7, 2010) (quoting *Armstrong v. Davis*, 275 FJd 849, 869 (9th Cir. 2001)). *See also Ikon*, 191 F.R.D. at 463; *In re Centocor, Inc. Sec. Litig. 111*, No. 12 98-CV-0260, 1999 U.S. Dist. LEXIS 1224, at *6 (E.D. Pa. Jan. 27, 1999) (noting that typicality requirement of Rule 23(a)(3) is satisfied where litigation of the named plaintiffs' claims can reasonably be expected to advance the interests absent class members).

"The purpose of the typicality requirement is to assure that the interest of the named representatives aligns with the interests of the class." *Colapinto v. Esquire Deposition Services, LLC*, No. 0918 07584, 2011 WL 913251, at *6 (C.D. Cal. Mar. 8, 2011). Typicality exists when the class claims are founded on the same conduct or events and are based on the same legal theory. *Armstrong v. Davis*, 275

1   F.3d 849, 868 (9th Cir. 2001) citing *Marisol v. Giuliani*, 126 F.3d 372, 376 (2d Cir.

2   1997). *See also*, *In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 463 (E.D. Pa.

3   2000); *In re Centocor, Inc. Sec. Litig. III*, No. 98-CV-0260, 1999 U.S. Dist. LEXIS

4   1224, at *6 (E.D. Pa. Jan. 27, 1999) (noting that typicality requirement of Rule

5   23(a)(3) is satisfied where litigation of the named plaintiffs' claims can reasonably

6   be expected to advance the interests of absent class members). This requirement

7   serves to "assure that the interest of the named representative aligns with the

8   interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 487, 508 (9th Cir.

9   1992).

10       Here, all of these requirements are satisfied. The Class Representatives

11   suffered the same harm as all other members of the Settlement Class. All members

12   of the Settlement Class sustained damages arising from Defendants' common

13   course of conduct in alleged violation of California law.

14   **Adequacy**

15       A putative class representative must also demonstrate that he or she will

16   "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

17   Adequacy is met when (1) the named representatives, through qualified counsel,

18   are able to vigorously prosecute the case, and (2) the named representatives'

19   interests are not antagonistic or in conflict with the absent class members. *Lerwill*

20   *v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Plaintiffs

21   clearly satisfy the adequacy requirement because there are no conflicts of interest

22   between the named Plaintiffs and the Class as a whole, and the attorneys

23   prosecuting this case are experienced and exceptionally qualified to litigate this

24   matter.

25       First, Plaintiffs' interests do not conflict with the interests of the absent

26   Class Members. To the contrary, the Class Representatives, like the putative

27   Settlement Class Members, were employed by The Mill and Yurcor, and like them

28   suffered unlawful withholding.

1    Moreover, as detailed above, the Class Representatives, with the assistance
2 of Class Counsel, have vigorously and relentlessly prosecuted this litigation in
3 multiple forums in an effort to obtain a recovery for the putative Settlement Class.
4 Plaintiffs' interests are completely unified with those of the class because Plaintiffs
5 must prove the same wrongdoing by Defendants as the absent Class members to
6 establish Defendants' liability.

7    Second, Plaintiffs have retained qualified, experienced attorneys with broad-
8 based, multi-jurisdictional experience in complex class action litigation.   Class
9 Counsel has vigorously prosecuted this action on behalf of the Named Plaintiffs
10 and the Class as a whole.   Plaintiffs have fulfilled the duties required of class
11 representatives by continuing to prosecute this action in the face of significant
12 procedural hurdles. Both Plaintiffs and Class Counsel have, and will continue to
13 adequately represent and protect the interest of the absent Class members.

14    In short, the requirements of Rule 23(a)(4) are met.

15    **The Class May be Properly Certified under Rule 23(b)(3)**

16    In addition to the requirements of Rule 23(a), a proposed class must satisfy
17 one of the three alternative requirements of Rule 23(b). FED R. CIV. P. 23(b).
18 The proposed Class clearly satisfies the requirements of Rule 23(b)(3), which
19 provides for the maintenance of a class action where

20        (3) the court finds that the questions of law or fact common to class
21        members predominate over any questions affecting only individual
22        members, and that a class action is superior to other available methods
23        for fairly and efficiently adjudicating the controversy. The matters
24        pertinent to these findings include:
25            (A) the class members' interests in individually controlling the
26            prosecution or defense of separate actions;
27            (B) the extent and nature of any litigation concerning the
28            controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the

litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

The predominance analysis under Rule 23(b)(3) focuses on "the relationship between the common and individual issues" in the case and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998) (citation and internal quotation marks omitted).

Here, the common questions of both law and fact predominate; indeed, there are few if any non-common questions. Because Defendants treated all Settlement Class Members in the same way, employing them and unlawfully deducting the equivalent of employer taxes on wages from Plaintiffs' paychecks, both the common legal and common factual questions predominate. Settlement Class Members have little interest in individually controlling the prosecution of separate actions; each Class Members' damages are too small to warrant separate individual actions. Plaintiffs are unaware of any pending litigation on this subject matter brought by any member of the Settlement Class even though the practice had been in effect for over two years prior to the filing of this Action. Again, for purposes of efficiency, it makes sense to concentrate all claims in a single forum. And finally, there is little difficulty in managing the instant class action. The Class Members are readily ascertainable, and their number is fairly discrete.

**Appointment of Class Counsel**

FED. R. CIV. P. 23(g) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel. An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." *Santos v. Comancho*, 2007 WL 81868, at * 6 (D. Guam Jan 9, 2007), quoting, FED. R. CIV. P. 23(g)(1)(A) and (B). In making this determination, courts must evaluate the following:

21

1            [T]he work counsel has done in identifying or

2            investigating potential claims in the action, counsel's

3            experience in handling class actions and other complex

4            litigation and claims of the type asserted in the

5            litigations, counsel's knowledge in the applicable law,

6            and the resources counsel will commit to representing the

7            class.

8 *Id.* quoting FED. R. CIV. P. 23(g)(1)(C).

9      As detailed above, Class Counsel have performed extensive research and

10 investigation in filing and litigating the instant claims.  Counsel promptly and

11 professionally prosecuted this litigation before this Court, devoting considerable

12 time and resources to these proceedings to protect the rights of Plaintiffs and the

13 putative class.  Class Counsel is well versed in complex class action litigation in

14 general.  Class Counsel dedicated ample resources to vigorously and aggressively

15 prosecute this matter to protect the interests of Plaintiffs and the putative class

16 members. Accordingly, Plaintiffs respectfully request that Plaintiffs' undersigned

17 counsel be appointed Class Counsel.

18                         **SCHEDULE**

19      If the Court grants class certification preliminary approval of the Settlement,

20 the Court has already established the following schedule of events:

| Event | Time for Compliance |
| --- | --- |
| Defendants shall serve upon the appropriate State Official of each State in which a Class member resides and the appropriate Federal official the notice required by 28 U.S.C. §1715(b) | Not later than 10 days after the proposed Settlement Agreement is filed in Court |
| | |

| Event | Time for Compliance |
|---|---|
| Deadline for Mailing of Individual Notice to members of the Settlement Class and posting on the Internet (the "Notice Date") | September 23, 2013 |
| Filing of Plaintiffs' motion for attorney's fees, costs and case contribution awards | July 30, 2013 |
| Deadline for filing of Objections and to Opt Out by Class Members | November 8, 2013 |
| Filing of Motion for Final Approval of Settlement, including responding to any objections by Class members | December 2, 2013 |
| Hearing on motions for final approval of Settlement, attorney's fees, costs and case contribution awards | December 30, 2013 at 1:30 P.M. |

Further, at least ten (10) days prior to the Fairness Hearing, Class Counsel will file with the Court a supplemental declaration certifying that it has distributed the Notice in full compliance with the Order.  Further, Class Counsel shall also apprise the Court of any objections that have been filed to date.

23

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully move this Court to grant their Motion for Class Certification, Preliminary Approval of Settlement, and Approval of the procedure and content of Notice to Class members.

DATED:  July 30, 2013                    Respectfully submitted,

                                         WILLIAM T. PAYNE
                                         PAMINA EWING
                                         STEMBER FEINSTEIN DOYLE
                                            PAYNE & KRAVEC, LLC


                                         ARTHUR GREBOW, ESQ.
                                         GREBOW & RUBIN LLP

                                         STUART LIBICKI
                                         SCHWARTZ, STEINSAPIR,
                                            DOHRMANN & SOMMERS LLP



                                         By:_____/s/ Stuart Libicki_____
                                                   STUART LIBICKI
                                                 Attorneys for Plaintiffs



1   STUART LIBICKI, Esq. (SBN 57626)
2   SCHWARTZ, STEINSAPIR,
      DOHRMANN & SOMMERS LLP
3   6300 Wilshire Boulevard, Suite 2000
    Los Angeles, CA 90048-5268
4   Telephone:  (323) 655-4700
    Facsimile:  (323) 655-4488
5   Email:      sl@ssdslaw.com
6   WILLIAM T. PAYNE (SBN 90988)
7   PAMINA EWING (PA Bar # 59244)
    FEINSTEIN DOYLE
8     PAYNE & KRAVEC, LLC
    429 Forbes Avenue, 17th Floor
9   Pittsburgh, PA 15219
    Phone: (412) 281-8400
10  Fax: (412) 281-1007
11  wpayne@stemberfeinstein.com
    pewing@stemberfeinstein.com
12
    Arthur Grebow, Esq. (SBN 41374)
13  GREBOW & RUBIN LLP
    16133 Ventura Boulevard, Suite 260
14  Encino, CA  91436
    Phone: 818-783-1100
15  Fax: (818) 783-1103
16  agrebow@grebowrubinlaw.com

17            UNITED STATES DISTRICT COURT

18           CENTRAL DISTRICT OF CALIFORNIA

19                  WESTERN DIVISION

20  NATHANIEL WILSON, et al.,          CASE NO.:  2:12-CV-10214-SVW-MAN

            Plaintiffs,
21                                     PLAINTIFFS' AMENDED
        vs.                            MEMORANDUM OF POINTS AND
22                                     AUTHORITIES IN SUPPORT OF
    THE MILL GROUP INC., et al.,       UNOPPOSED MOTION FOR
23                                     PRELIMINARY APPROVAL OF
            Defendants.                SETTLEMENT, CLASS
24                                     CERTIFICATION AND APPROVAL
                                       OF NOTICE TO THE CLASS
25
                                       Date:      September 9, 2013
26                                     Time:      1:30 P.M.
                                       Place:     Courtroom 6
27
28

ID. #_____      PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
                   APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

Stuart Libicki 7/21/13 4:52 PM
Deleted: JULY 15

25

# INTRODUCTION[1]

Plaintiffs Nathaniel Wilson, Daveed (aka "David") Shwartz, Richard Servello and Tim Hoffman ("Plaintiffs" or "Class Representatives") respectfully submit this Memorandum of Points and Authorities in Support of their Unopposed Motion for Preliminary Approval of Settlement; Certification of Settlement Class; Approval of the procedure and form of Notice to the Class Members ("Motion for Preliminary Approval"). Plaintiffs seek an Order (1) granting preliminary approval of the Settlement; (2) certifying the Settlement Class under Fed.R.Civ.P. 23; and (3) approving the proposed notice plan advising Settlement class members of the proposed Settlement.

The proposed Settlement described herein provides for the payment of $1,350,000.00 by Defendants.  As detailed below and recited in the parties Settlement Agreement (hereinafter "SA" and filed herewith as Exhibit A to the accompanying Declaration of Arthur Grebow) ("Grebow Decl."), Plaintiffs and their counsel, based on their evaluation of the facts, the governing law and their recognition of the substantial risks of continued litigation, submit that the proposed Settlement is in the best interests of the Settlement Class.  The Settlement provides a meaningful and timely recovery for the Settlement Class.[2]  Although Plaintiffs are confident they would ultimately prevail in this Action, lawsuits of this type

---

[1] Except for the redlined changes as shown on Exhibit A attached hereto, this Amended Memorandum is the same as the one filed with the Unopposed Motions for Class Certification, Preliminary Approval of Settlement and Approval of Notice to the Class initially heard and denied on July 15, 2013.

[2] Unless otherwise noted, capitalized terms herein shall have the same meaning as such capitalized terms in the Settlement Agreement.  Also, this Memorandum sets forth various factors (factual, legal, and financial) that support the conclusion that the settlement is fair, reasonable, and adequate.  Plaintiffs do not admit to the ultimate truth or falsity of any of the factual, legal or financial factors or conclusions discussed herein that favor Defendants.

1

Stuart Libicki 7/21/13 4:46 PM
Formatted: Font:14 pt

Stuart Libicki 7/21/13 4:46 PM
Formatted: Font:14 pt

1  Action on September 14, 2012. Plaintiffs alleged (as they had in their original

2  complaint) that Defendants, as joint employers, unlawfully deducted from

3  Settlement Class Members' wages employer required FICA, FUTA, SUI taxes and

4  Workers Compensation deductions (labeling the amounts deducted as

5  "Administrative Overhead Costs") and/or improperly misclassified Settlement

6  Class Members as independent contractors.

7      Thereafter, on March 14, 2013, the parties participated in a full-day

8  mediation of the disputes at issue in this Action and reached a tentative settlement.

9      **Monetary Relief to Be Awarded Settlement Class Members**

10     Settlement Class Members (who do not opt out) shall have the right to obtain

11  relief as follows:

12      a.      The Mill and Yurcor shall pay a settlement amount for all

13  Claims for unpaid wages, deductions, penalties, attorneys' fees, costs, expenses,

14  Settlement administration expenses, damages, restitution, interest and equitable

15  relief in the sum of One Million Three Hundred Fifty Thousand Dollars

16  ($1,350,000.00) ("Settlement Amount").

17      b.      Net Funds Available for Settlement means the Settlement

18  Amount set forth in subparagraph (a) above, less (1) case contribution awards to

19  the Class Representatives as approved by the Court (which Plaintiffs propose in the

20  amount of $1,500 for each of the four Plaintiffs); (2) the amount of attorneys' fees

21  and litigation costs (estimated to be $10,000) awarded to Class Counsel by the

22  Court (which Plaintiffs propose at a reasonable market rate with no multiplier and

23  fees (exclusive of costs) not greater than 25% of the Settlement Amount, i.e.,

24  $337,500); and (3) administration costs (projected to be approximately $11,000),

25  all of which combined will not exceed $364,500. In other words, assuming Court

26  approval of these proposed amounts, the Net Funds Available for Settlement to be

27  distributed to Settlement Class Members, including the $10,000.00 to be

28

3

Stuart Libicki 7/21/13 4:53 PM
Deleted: 8

Stuart Libicki 7/21/13 4:53 PM
Deleted: 29

Stuart Libicki 7/21/13 4:53 PM
Deleted: 33 1/3

Stuart Libicki 7/21/13 4:54 PM
Deleted: 4

Stuart Libicki 7/21/13 4:54 PM
Deleted: 50,

Stuart Libicki 7/21/13 4:54 PM
Deleted: 0

Stuart Libicki 7/21/13 4:55 PM
Deleted: 1

Stuart Libicki 7/21/13 4:54 PM
Deleted: 5,0

Stuart Libicki 7/21/13 4:54 PM
Deleted: 464,712.54

Stuart Libicki 7/21/13 4:55 PM
Deleted:  and plus

27

1 | distributed to the California Labor Workforce Development Agency (referred to

2 | below) are approximately $985.500 (73% of the Settlement Amount).

> Stuart Libicki 7/21/13 4:55 PM
> **Deleted:** 885,287.46

3 |      c.    More specifically, the amounts paid to Settlement Class

4 | Members (who do not opt out) are referred to in the SA as "Admin OH Costs"

5 | (that is, "Administrative Overhead Costs," the respective deductions from Class

6 | Members' pay, which would be equivalent in each case to the amount that would

7 | otherwise have been paid by the Defendants for the payment of employer payroll

8 | taxes), which amounts are identified in Exhibit 2 of the SA. These are the amounts

9 | that are due to each Class Member as wages, and they are projected to total

> Stuart Libicki 7/21/13 5:04 PM
> **Deleted:** (

10 | approximately $437,643.73. Class Counsel may modify the amounts to correct

11 | any errors discovered after the date of execution of this Agreement by jointly filing

12 | a revised Exhibit 2 with the Court. Thus, subject to Court approval and before

13 | (and not after) distribution of Class Settlement Payments, Exhibit 2 may be

14 | modified to correct errors, thus adjusting the specific amount of each Class

15 | Member's "Administrative Overhead Costs."

16 |      d.    The California Labor Workforce Development Agency shall be

17 | paid the sum of $10,000.00.

18 |      e.    Settlement Class Members (not opting out) shall also each be

19 | paid a waiting-time penalty portion from the Settlement Amount in an amount

20 | equal to the ratio of their wage portion of the Settlement Amount to the entire wage

21 | portion the of the Settlement Amount (i.e., the Administrative Overhead Costs

22 | mentioned in subparagraph (c) above that are projected to total approximately

23 | $537.857, and it is currently anticipated that the penalty portion will be

24 | approximately $2,619 per Class member).

> Stuart Libicki 7/21/13 4:58 PM
> **Deleted:** 437,43.73
>
> Stuart Libicki 7/21/13 5:02 PM
> **Deleted:** wage and
>
> Stuart Libicki 7/21/13 5:02 PM
> **Deleted:** s
>
> Stuart Libicki 7/21/13 5:02 PM
> **Deleted:** equal in amount
>
> Stuart Libicki 7/21/13 5:03 PM
> **Deleted:** If errors are discovered as to the Administrative Overhead Costs as mentioned in subparagraph (c) above, the same pro rata adjustment will be made as to the penalty portion.

25 |      f.    As noted, each of the four Class Representatives shall receive a

26 | case contribution award in the amount of $1,500.00 (subject to Court approval), in

27 | recognition of their time and efforts in pursuing this Action on behalf of Settlement

28 | Class Members.

ID. #_____      PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

28

**Reasons for the Settlement**

Plaintiffs have entered into this Settlement with a full and comprehensive understanding of the strengths and weaknesses of their claims. Plaintiffs' understanding is based on Class Counsel's extensive investigation during the prosecution of this action, which has included, *inter alia*: (i) extensive independent factual research, and (ii) research of the law applicable to the claims asserted and the potential defenses thereto. Grebow Decl. ¶¶ 9-14.

In addition, in assessing the merits of the proposed Settlement, Plaintiffs' counsel have also considered the risks and uncertainties of proceeding with the litigation, and Plaintiffs' likelihood of ultimately prevailing at trial in light of various factors. For example, Plaintiffs would be required to obtain certification of the putative class. While Plaintiffs are confident that they would secure class certification, it is possible that the Court would deny certification, certify a class period shorter than the Settlement Class Period agreed to as part of the proposed Settlement, or certify subclasses and ultimately find certain subclasses are entitled to less relief than other subclasses. Grebow Decl. ¶14.

Assuming Plaintiffs prevailed in their motion for class certification, Plaintiffs would still be required to prove that each Defendant was liable. Moreover, Plaintiffs would also have to defeat Defendants' numerous defenses to liability. Plaintiffs would then also face the challenge of calculating and proving damages, the overwhelming portion of which are penalties. The settlement provides for the full payment of all wages due Class members for work performed through March 14, 2013 and does not preclude claims for any like violations thereafter. Grebow Decl. ¶¶12-14.

In sum, based on their extensive investigation, analysis of the risk, the attendant delay in litigating this case on the merits, the risks of establishing liability and damages, and likely appeals regardless of which side prevailed at trial, Plaintiffs and Class Counsel's judgment counsels in favor of accepting the

5

Stuart Libicki 7/21/13 5:03 PM
Deleted:

29

| Event | Time for Compliance |
|---|---|
| Deadline for Mailing of Individual Notice to members of the Settlement Class and posting on the Internet (the "Notice Date") | September 23, 2013 |
| Filing of Plaintiffs' motion for attorney's fees, costs and case contribution awards | July 30, 2013 |
| Deadline for filing of Objections and to Opt Out by Class Members | November 8, 2013 |
| Filing of Motion for Final Approval of Settlement, including responding to any objections by Class members | December 2, 2013 |
| Hearing on motions for final approval of Settlement, attorney's fees, costs and case contribution awards | December 30, 2013 at 1:30 P.M. |

Stuart Libicki 7/21/13 5:05 PM
Deleted: July 17, 2013

Stuart Libicki 7/21/13 5:06 PM
Deleted: August 1

Stuart Libicki 7/21/13 5:07 PM
Deleted: August 30

Stuart Libicki 7/21/13 5:08 PM
Deleted: September 20

Stuart Libicki 7/21/13 5:10 PM
Deleted: October 7

Further, at least ten (10) days prior to the Fairness Hearing, Class Counsel will file with the Court a supplemental declaration certifying that it has distributed the Notice in full compliance with the Order. Further, Class Counsel shall also apprise the Court of any objections that have been filed to date.

30



## CONCLUSION

Based on the foregoing, Plaintiffs respectfully move this Court to grant their Motion for Class Certification, Preliminary Approval of Settlement, and Approval of the procedure and content of Notice to Class members.

DATED: July 30, 2013                Respectfully submitted,

                                    WILLIAM T. PAYNE
                                    PAMINA EWING
                                    STEMBER FEINSTEIN DOYLE
                                        PAYNE & KRAVEC, LLC

                                    STUART LIBICKI
                                    SCHWARTZ, STEINSAPIR,
                                        DOHRMANN & SOMMERS LLP

                                    ARTHUR GREBOW, ESQ.
                                    GREBOW & RUBIN LLP


                                    By:_____
                                            ARTHUR GREBOW
                                            Attorneys for Plaintiffs

Stuart Libicki 7/21/13 5:11 PM
Deleted:

Stuart Libicki 7/21/13 5:10 PM
Deleted: ne 28

24

ID. #_____                PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
                           APPROVAL OF SETTLEMENT, CLASS CERTIFICATION AND APPROVAL OF NOTICE TO THE CLASS

31