1  STUART LIBICKI, Esq. (SBN 57626)
2  SCHWARTZ, STEINSAPIR,
     DOHRMANN & SOMMERS LLP
3  6300 Wilshire Boulevard, Suite 2000
   Los Angeles, CA 90048-5268
4  Telephone:   (323) 655-4700
   Facsimile:   (323) 655-4488
5  Email:       sl@ssdslaw.com

6  WILLIAM T. PAYNE (SBN 90988)
7  PAMINA EWING (PA Bar # 59244)
   FEINSTEIN DOYLE
8    PAYNE & KRAVEC, LLC
   429 Forbes Avenue, 17th Floor
9  Pittsburgh, PA 15219
   Phone:  (412) 281-8400
10 Fax: (412) 281-1007
11 wpayne@stemberfeinstein.com
   pewing@stemberfeinstein.com
12
   Arthur Grebow, Esq. (SBN 41374)
13 GREBOW & RUBIN LLP
   16133 Ventura Boulevard, Suite 260
14 Encino, CA  91436
   Phone: 818-783-1100
15 Fax: (818) 783-1103
16 agrebow@grebowrubinlaw.com

17        **UNITED STATES DISTRICT COURT**

18       **CENTRAL DISTRICT OF CALIFORNIA**

19          **WESTERN DIVISION**

| | |
|---|---|
| 20  NATHANIEL WILSON, et al., | **CASE NO.:  2:12-CV-10214-SVW-MAN** |
| 21           Plaintiffs, | **DECLARATION ARTHUR GREBOWN IN SUPPORT OF PLAINTIFFS'** |
| 22    vs. | **UNOPPOSED MOTIONS FOR (1) CLASS CERTIFICATION AND (2)** |
| 23  THE MILL GROUP INC., et al., | **PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 24        Defendants. | *[Part 2 of 3 – Pages 48 to 82]* |
| 25 | **Date:**  **September 9, 2013** |
| 26 | **Time:**  **1:30 p.m.**<br>**Place:**  **Courtroom 6** |

27

28

EXHIBIT "1"

1    **UNITED STATES DISTRICT COURT**

2    **CENTRAL DISTRICT OF CALIFORNIA**

3

4                                         )   **[PROPOSED] ORDER AND**

5                                         )   **FINAL JUDGMENT**

6                                         )

7                                         )

8                                         )

9                                         )

10                                        )

11                                        )

12                                        )

13                                        )

14

15        This matter came before the Court for hearing pursuant to the Court's

16   _____, 2013 Order on the Parties' application for preliminary approval

17   of the settlement set forth in the Settlement Agreement, dated April __, 2013 (the

18   "Agreement" or "Settlement Agreement").  Due and adequate notice having been

19   given to the Settlement Class as required in the Order, and the Court having

20   considered all papers filed and proceedings conducted herein and otherwise

21   being fully informed in the premises and good cause appearing therefore, IT IS

22   HEREBY ORDERED, ADJUDGED, AND DECREED that:

23        1.    The Court has diversity jurisdiction under 28 U.S.C.§1332 of this

24   action ("Action") and over all parties to the Action, including members of the

25   Class.

26        2.    The Court certifies this Action as a Class Action under Fed. R. Civ.

27   P. 23(a) and 23(b)(1) and 23(b)(3).  The Class is defined as:

28

All individuals who on or after September 14, 2009 worked or performed and completed services in California for The Mill Group, Inc. ("Mill") in the pre-production, production or post-production processes of motion pictures, television programs advertising, game art or other visual content, as to whom The Churchill Benefit Corporation dba Yurcor ("Yurcor") performed services for the Mill and/or the respective individual (for example, payroll processing services, "Employer of Record" services or "Yurcor's third party payroll services program").

3.     Plaintiffs Nathaniel Wilson, David Shwartz, Richard Servello and Tim Hoffman ("Named Plaintiffs") are appointed as Class Representatives.

4.     Schwartz, Steinsapir, Dohrmann & Sommers LLP ("Schwartz Firm"), Stember Feinstein Doyle & Payne, LLC ("Stember Firm"), and Grebow & Rubin LLP ("Grebow Firm") are appointed as Co-Lead Counsel for the Plaintiffs in the Action pursuant to Fed. R. Civ. P. 23(g).

5.     The Court finds:

(a)     The Class is so numerous, that is over 200 persons, that it is impractical to bring all Class Members before the Court individually.

(b)     The Class allegations present common questions of law and fact, including:

(i)     Whether Defendants were the joint employers of Class Members;

(ii)     Whether Defendants' conduct violated California Labor Code § 201.5;

(iii)     Whether Defendants' conduct violated California Labor Code § 203;

ORDER AND FINAL JUDGMENT

50

(iv)   Whether Defendants' conduct violated California Labor Code § 221;

(v)   Whether Defendants' conduct violated California Labor Code § 223;

(vi)   Whether Defendants' conduct violated California Labor Code §224;

(vii)   Whether Defendants' conduct violated California Labor Code § 226.8;

(viii)   Whether Defendants' conduct violated California Labor Code § 2753; and

(ix)   Whether as a result of one or more of the alleged breaches by Defendants, the damages (wages and penalties) suffered by Class Members.

(c)   The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because the California State wage claims of the Named Plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theories under the California Labor Code for uniform enforcement.   Named Plaintiffs allege that they and the other members of the Class worked or performed and completed services on or before March 14, 2013 in California at and for Defendant The Mill Group, Inc. (the "Mill"), while ostensibly employees of Defendant The Churchill Benefit Corporation dba Yurcor ("Yurcor"), such that the Defendants were their joint employers.   The Defendants treated all Class Members alike by allegedly deducting "Yurcor Administrative Overhead Costs" from each Class Member's pay in violation of law.   Under these circumstances, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

51

(d)     The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. Under the California Labor Code the Named Plaintiffs have no conflicting interest with absent members of the Class.  The Court is satisfied that Co-Lead Counsel are qualified, experienced, and prepared to represent the Class to the best of their abilities.

(e)     The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(1).   Named Plaintiffs' claims were brought on behalf of Class Members.  Because of the uniform standards of conduct imposed by law, the prosecution of separate actions by individual members of the Class would create a risk that failure to certify the Class would result in: (i) inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and/or (ii) adjudications that would be dispositive of the interests of non-party class members or substantially impair such non-party Class Members' ability to protect their interests.

(f)     The Class also satisfies the requirements of Fed. R.  Civ. P. 23(b)(3).  This is because as alleged in this Action the common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In particular, Class Members have no interest in individually controlling the prosecution of separate actions given that litigation costs would be prohibitively expensive; for reasons of efficiency, it is desirable to concentrate litigation of Class Members' claims in a particular forum; and there are unlikely to be any significant difficulties in managing this case as a class action given the size of the Class.

(g)     The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Co-Lead Counsel will fairly and adequately represent the interest of the Class.  Co-Lead Counsel has done

substantial work to identify and investigate potential claims in the Action. Co-Lead Counsel has represented that they have investigated the allegations made in the Action by, among other things, interviewing the named Plaintiffs and members of the proposed Settlement Class, reviewing publicly available information and hundreds of pages of documents, including payroll records of Class Members and those provided by Defendants to aid in the mediation. Co-Lead Counsel has experience in handling class actions, representative actions and claims of the type asserted in this action.  Co-Lead Counsel has also demonstrated knowledge of the applicable law and efficiently used stipulations to minimize the time and effort of the Parties and the Court in litigating issues and in reaching a prompt resolution of the Action within 6 months of its filing.  The Court concludes that Co-Lead Counsel has fairly and adequately represented the interests of the Settlement Class.

(h)     The Settlement Class has received proper and adequate notice of the certification of this Action as a Class Action, the terms of the Settlement Agreement, the Fairness Hearing,  Appointed Counsel's application for attorney's fees and expenses and for the Named Plaintiffs case contribution awards, and the plan of allocation of the settlement proceeds.  Such notice included individual notice to all members of the Settlement Class, all of whom were identified by the Defendants from their business and/or payroll records, and provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections.  Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirement of due process.

6.    Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement as fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

7.    The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

8.    The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds:

(a)    The Named Plaintiffs and Co-Lead Counsel, on behalf of the Settlement Class, negotiated vigorously and at arms'-length to achieve the Settlement.

(b)    This Action settled following six months of professionally conducted litigation by the Parties.  The Action settled following arms'-length negotiations between counsel who were thoroughly familiar with this litigation with the aid of an experienced mediator.  Both Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action.

(c)    If the Settlement had not been achieved, Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. Named Plaintiffs contend that there was a reasonable likelihood of success on the merits at trial and any appeal in light of, among other things: (i) alleged favorable determinations of key legal issues in similar cases, (ii) expert and lay testimony that Plaintiffs expected to offer at trial, and (iii) what Plaintiffs would characterize as favorable documents that would be offered at trial. Defendants also contend that their chances of success at trial and any appeal were reasonable for the same reasons and in addition that most of the damages sought were penalties and not wages.  The Court takes

no position on the merits of the Action, but notes these arguments as evidence in support of the reasonableness of the Settlement.

(d)     The amount of the Settlement, that is $1,350,000, is fair, reasonable and adequate.  The Settlement amount is within the range of settlement values obtained in similar cases.

(e)     At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

(f)     The Court recognizes that after dissemination of notice of the Settlement, __ objections to the Settlement were filed.

9.     The Action is hereby dismissed with prejudice, each party to bear his, her or its own costs, except as expressly provided herein.

10.     Upon the Effective Date, the following Releases provided in the Settlement Agreement, Section 6, shall become Final by operation of this Order and Final Judgment:

**"RELEASES**

The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.  No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim. Upon entry of the Final Judgment and Order Approving Settlement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum

1.     The following terms have the meanings set forth herein:

a.     "Released Claim" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description that a Releasing Party has or may have, including assigned

claims, whether known or unknown (as defined below), asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted under any body of law by the Releasing Party either in a court or any other judicial or other forum, regardless of legal theory or relief claimed, and regardless of the type or relief or amount of damages claimed, against any of the Released parties arising from, or in any way relating to, the Claims asserted in the Complaint covering the period up to and including March 14, 2013.  For purposes of this Agreement, the term "Unknown Claim" means any and all Released Claims that any Party, or anyone acting on behalf of or in their interest, does not know or suspect to exist against any of the Released Parties which, if known, might have affected his or her or its decision regarding the settlement of this Action.   The Parties further acknowledge that they may hereafter discovery facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally and forever settle and release all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions, conduct, events or transactions occurring on or before the date of this Agreement, without regard to subsequent discovery or the existence of such different or additional facts concerning each of the Released Parties.

b.      "Released Party" means each Plaintiff Class Member, The Mill, Yurcor, their affiliated companies, affiliates, officers, directors, representatives and agents.

c.    "Releasing Party" means each Plaintiff, Class Member, The Mill, Yurcor and each Settlement Class Member and any Person claiming by or through each Settlement Class Member, including but not limited to, spouses, children, wards, heirs, devisees, legatees, incites, employees, associates, co-owners, attorneys, agents, administrators, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, or affiliates.

2.    Upon entry of the Final Judgment and Order Approving Settlement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from any and all liability for any and all Released Claims.

3.    With respect to any and all Released Claims, and upon entry of the Final Judgment and Order Approving Settlement without further action, for good and valuable consideration, the Parties, including Plaintiffs, on behalf of themselves and the Settlement Class and as the representatives of the Settlement Class, shall expressly and by operation of the final Judgment and Order Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever expressly waived and relinquished with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

'A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the tine of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.'

51

4.     Except as to the rights and obligations provided for under this Agreement, each Party and its attorneys and all of their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, including their respective past, present and future predecessors successors, assigns, devisees, relatives, heirs, legatees, and agents hereby release and forever discharge the other Parties and their attorneys for any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which each Party may now have, own or hold or which Defendants at any time may have, own or hold, against the Plaintiffs, their attorneys by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered from the beginning of time to March 14, 2013."

11.     The Court shall retain exclusive jurisdiction to resolve any dispute or challenges that may arise as to the interpretation, performance and enforcement of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.   The Court shall also retain exclusive jurisdiction over and rule by separate order with respect to all applications for awards of attorneys' fees and expenses by Appointed Counsel and compensation to the Named Plaintiffs made pursuant to the Settlement Agreement.

12.     In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and the Action shall proceed as provided in the Settlement Agreement, that is, the case shall be restored to the status it was in

ORDER AND FINAL JUDGMENT

immediately prior to the Parties' Tentative Agreement (the precursor to the formal Settlement Agreement) to settle the Action on March 14, 2013.

13.    This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability by any Party.

14.    Any court order regarding the allocation of the Settlement proceeds, the application for a case contribution award for each of the Named Plaintiffs, or any application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.


SO ORDERED this ____ day of _____, 2013.


_____

HON. STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE


ORDER AND FINAL JUDGMENT

59

EXHIBIT "2"

|  | A | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|
| 1 | Consultant | FirstDateOfLabor | LastDateOfLabor |  | Admin OH Costs |  |  |
| 2 | Germann, Tiffany | 8/30/10 | 9/16/10 |  | $ 779.98 |  |  |
| 3 | Diaz, Johnny | 9/1/10 | 2/18/11 |  | $ 569.74 |  |  |
| 4 | Rivera, Martin | 9/7/10 | 11/30/10 |  | $ 939.13 |  |  |
| 5 | O Neill, Tom | 9/7/10 | 9/30/11 |  | $ 7,148.89 |  |  |
| 6 | Dietz, Carsten | 9/20/10 | 9/23/10 |  | $ 646.52 |  |  |
| 7 | Kerou, Anthea | 10/4/10 | 10/29/10 |  | $ 1,261.07 |  |  |
| 8 | Marcussen, Sharon | 10/18/10 | 10/22/10 |  | $ 276.80 |  |  |
| 9 | Crucean, Gene | 10/25/10 | 11/17/10 |  | $ 1,106.86 |  |  |
| 10 | Sokalski, Maciek | 11/1/10 | 11/22/10 |  | $ 1,037.99 |  |  |
| 11 | Lyons, Samir | 11/8/10 | 12/16/11 |  | $ 3,116.47 |  |  |
| 12 | Tirasongkran, Alexander | 11/16/10 | 8/2/11 |  | $ 222.16 |  |  |
| 13 | Hurley, Adrian | 11/30/10 | 2/17/11 |  | $ 1,669.38 |  |  |
| 14 | Rizzo, Anthony | 12/1/10 | 1/21/11 |  | $ 1,665.89 |  |  |
| 15 | Crowley, Elizabeth | 12/6/10 | 12/24/10 |  | $ 951.67 |  |  |
| 16 | Newell, Meghan | 12/6/10 | 8/22/12 |  | $ 1,799.14 |  |  |
| 17 | Bird, Timothy | 12/14/10 | 5/8/12 |  | $ 16,365.40 |  |  |
| 18 | Raymer, Floyd | 12/15/10 | 3/15/11 |  | $ 2,080.13 |  |  |
| 19 | Davies, Timothy | 1/4/11 | 8/25/11 |  | $ 6,284.59 |  |  |
| 20 | Rugan, Robert | 1/17/11 | 8/19/11 |  | $ 1,494.13 |  |  |
| 21 | Wheater, Andrew | 4/6/11 | 8/19/11 |  | $ 2,497.93 |  |  |
| 22 | Graham, Thomas | 4/18/11 | 7/29/11 |  | $ 805.20 |  |  |
| 23 | Shepherd, Wayne | 5/12/11 | 6/20/11 |  | $ 2,281.25 |  |  |
| 24 | Smith, Brendan | 5/16/11 | 5/27/11 |  | $ 806.98 |  |  |
| 25 | Karumathil, Syam | 5/16/11 | 9/30/12 |  | $ 5,362.83 |  |  |
| 26 | Barger, Anthony | 5/17/11 | 5/27/11 |  | $ 296.59 |  |  |
| 27 | Mattson, Eric | 5/23/11 | 6/22/11 |  | $ 1,343.76 |  |  |
| 28 | Zimmermann, Molly | 6/6/11 | 7/1/11 |  | $ 521.35 |  |  |
| 29 | Baqi, Khatera | 6/9/11 | 9/16/11 |  | $ 381.53 |  |  |
| 30 | Sucara, Justin | 6/22/11 | 4/21/12 |  | $ 8,786.45 |  |  |
| 31 | Klein, Wendy | 8/1/11 | 9/23/11 |  | $ 1,882.33 |  |  |
| 32 | Figgins, Kiel | 8/1/11 | 10/7/11 |  | $ 2,385.89 |  |  |
| 33 | Wake, Evan | 8/5/11 | 11/17/11 |  | $ 758.40 |  |  |
| 34 | Sasagawa, Nobuteru | 8/8/11 | 9/9/11 |  | $ 1,193.88 |  |  |
| 35 | Kiner, Darren | 8/15/11 | 8/19/11 |  | $ 365.75 |  |  |

61

|  | A | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|
| 36 | Tessier, Scott | 8/15/11 | 10/9/11 | | $ 2,427.21 | | |
| 37 | Johnson, Michael | 8/18/11 | 10/14/12 | | $ 5,723.84 | | |
| 38 | Bergman, Jacob | 8/22/11 | 2/12/13 | | $ 4,607.83 | | |
| 39 | Fuentealba, Ricardo | 8/23/11 | 2/8/13 | | $ 4,754.01 | | |
| 40 | Shwartz, David | 8/29/11 | 9/19/11 | | $ 1,130.93 | | |
| 41 | Wilson, Nathaniel | 8/29/11 | 9/20/11 | | $ 1,217.48 | | |
| 42 | Servello, Richard | 8/29/11 | 9/23/11 | | $ 1,390.59 | | |
| 43 | Kim, Nicholas | 8/29/11 | 10/7/11 | | $ 1,807.59 | | |
| 44 | Jaecks, Brinton | 8/31/11 | 9/30/11 | | $ 1,641.43 | | |
| 45 | Mazzamuto, Angelo | 9/2/11 | 5/8/12 | | $ 7,733.57 | | |
| 46 | Ivanov, Pavel | 9/3/11 | 9/12/11 | | $ 760.75 | | |
| 47 | Johnson, William | 9/3/11 | 10/7/11 | | $ 1,780.05 | | |
| 48 | Andersson, Carl | 9/6/11 | 3/28/12 | | $ 3,105.23 | | |
| 49 | Bohnert, Matthew | 9/12/11 | 3/23/12 | | $ 2,798.29 | | |
| 50 | Hale, Scott | 9/14/11 | 9/16/11 | | $ 219.45 | | |
| 51 | Hackett, David | 9/15/11 | 1/13/12 | | $ 2,298.72 | | |
| 52 | Ginos, Rebecca | 10/25/11 | 12/23/11 | | $ 865.64 | | |
| 53 | Del Rosario, Randolf | 10/28/11 | 12/3/11 | | $ 764.53 | | |
| 54 | Hawkins, James | 10/31/11 | 11/4/11 | | $ 365.75 | | |
| 55 | LaTorre, Walter | 11/10/11 | 11/19/11 | | $ 565.24 | | |
| 56 | Harders, Carl | 11/28/11 | 2/22/13 | | $ 11,831.38 | | |
| 57 | Collins, Andrew | 12/5/11 | 12/9/11 | | $ 332.49 | | |
| 58 | Storey, Contrail | 12/5/11 | 12/23/11 | | $ 698.24 | | |
| 59 | Sanchez, Christian | 12/5/11 | 12/23/11 | | $ 997.48 | | |
| 60 | Mancha, Eric | 12/5/11 | 1/4/12 | | $ 1,146.67 | | |
| 61 | Petrov, Emil | 12/5/11 | 12/30/11 | | $ 1,304.04 | | |
| 62 | Duenas, Lawrence | 12/8/11 | 2/14/12 | | $ 1,976.76 | | |
| 63 | Nadu, Ricardo | 12/12/11 | 12/30/11 | | $ 864.49 | | |
| 64 | Maymudes, Jacob | 12/12/11 | 1/31/12 | | $ 1,931.51 | | |
| 65 | Jansky, Jason | 12/12/11 | 3/23/12 | | $ 1,965.15 | | |
| 66 | Spear, Patrick | 12/14/11 | 8/10/12 | | $ 4,598.73 | | |
| 67 | Alexander, Lewis | 12/19/11 | 12/23/11 | | $ 299.24 | | |
| 68 | Anderson, Edward | 12/20/11 | 6/26/12 | | $ 5,216.04 | | |
| 69 | Glenn, Richard | 1/3/12 | 1/13/12 | | $ 778.04 | | |
| 70 | Gurney, Thomas | 1/3/12 | 1/27/12 | | $ 1,186.01 | | |
| 71 | Zavala, Juan | 1/3/12 | 11/29/12 | | $ 3,625.12 | | |

|     | A | L | M | N | O | P | Q |
|-----|---|---|---|---|---|---|---|
| 72 | Von Will, Martin | 1/9/12 | 1/13/12 | | $ 349.12 | | |
| 73 | Armendariz, Rodrigo | 1/9/12 | 1/21/12 | | $ 629.62 | | |
| 74 | Le, Tram | 1/9/12 | 3/29/12 | | $ 2,956.34 | | |
| 75 | Lau, Freda | 1/9/12 | 3/18/12 | | $ 3,424.48 | | |
| 76 | Brown, Simon | 1/9/12 | 6/25/12 | | $ 5,040.39 | | |
| 77 | Quarry, Timothy | 1/11/12 | 1/20/12 | | $ 531.98 | | |
| 78 | Burnley, Earl | 1/16/12 | 3/3/12 | | $ 2,602.58 | | |
| 79 | Hoffman, Timothy | 1/17/12 | 5/22/12 | | $ 3,703.79 | | |
| 80 | Furness, Martin | 1/23/12 | 3/29/12 | | $ 2,645.54 | | |
| 81 | Gauran, Eugene | 1/30/12 | 4/25/12 | | $ 4,139.87 | | |
| 82 | Yu, Han | 2/1/12 | 3/2/12 | | $ 849.14 | | |
| 83 | Kim, Yongkyu | 2/1/12 | 5/11/12 | | $ 2,241.02 | | |
| 84 | Alexopoulos, Theodore | 2/10/12 | 3/3/12 | | $ 1,484.41 | | |
| 85 | Krause, Laura | 2/15/12 | 6/1/12 | | $ 1,414.18 | | |
| 86 | Tiernan, Joy | 2/15/12 | 2/8/13 | | $ 7,230.25 | | |
| 87 | Yoon, Alex | 2/18/12 | 8/24/12 | | $ 758.10 | | |
| 88 | Lee, Marvin | 2/21/12 | 2/24/12 | | $ 265.99 | | |
| 89 | Van Dop, Thomas | 2/21/12 | 2/2/13 | | $ 7,322.62 | | |
| 90 | Buckley, William | 2/22/12 | 12/7/12 | | $ 6,936.71 | | |
| 91 | Quirk, Edward | 2/23/12 | 4/23/12 | | $ 2,374.11 | | |
| 92 | McCauley, Kyle | 2/24/12 | 4/27/12 | | $ 2,383.93 | | |
| 93 | Laag, Edward | 3/1/12 | 2/22/13 | | $ 11,955.69 | | |
| 94 | Galbincea, Joshua | 3/5/12 | 4/13/12 | | $ 1,618.74 | | |
| 95 | Borzi, Erik | 3/7/12 | 3/24/12 | | $ 997.48 | | |
| 96 | Henke, Joseph | 3/12/12 | 4/13/12 | | $ 1,520.40 | | |
| 97 | Becerra, Ashley | 3/13/12 | 3/25/12 | | $ 521.36 | | |
| 98 | Hamilton, Briana | 3/14/12 | 6/14/12 | | $ 2,901.25 | | |
| 99 | Hansford, Joseph | 3/19/12 | 2/15/13 | | $ 3,462.00 | | |
| 100 | Marks, Andrew | 3/19/12 | 1/18/13 | | $ 9,684.24 | | |
| 101 | Gossett, Brian | 3/22/12 | 5/7/12 | | $ 1,865.03 | | |
| 102 | Kodama, Toshiya | 3/27/12 | 2/3/13 | | $ 7,830.83 | | |
| 103 | Shahparnia, Ashkahn | 3/29/12 | 4/1/12 | | $ 296.52 | | |
| 104 | Kim, June | 3/30/12 | 4/2/12 | | $ 119.69 | | |
| 105 | Ferrara, Sydney | 4/2/12 | 4/6/12 | | $ 142.97 | | |
| 106 | Allen, William | 4/2/12 | 11/2/12 | | $ 5,038.00 | | |
| 107 | Kurniady, Thomas | 4/9/12 | 4/20/12 | | $ 847.19 | | |

|  | A | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|
| 108 | Estrada, Krissy | 4/18/12 | 12/7/12 | $ | 3,493.20 | | |
| 109 | Reed, Alison | 4/23/12 | 5/25/12 | $ | 1,320.17 | | |
| 110 | Dunn, Jason | 4/23/12 | 1/24/13 | $ | 3,482.98 | | |
| 111 | Hamilton, Joshua | 4/30/12 | 2/23/13 | $ | 3,885.44 | | |
| 112 | Burkhalter, Christopher | 4/30/12 | 2/22/13 | $ | 6,868.33 | | |
| 113 | Todoran, Joseph | 5/1/12 | 5/7/12 | $ | 391.03 | | |
| 114 | Chang, Daniel | 5/1/12 | 7/20/12 | $ | 1,901.66 | | |
| 115 | Ogawa, Yuhei | 5/2/12 | 5/14/12 | $ | 821.12 | | |
| 116 | Herbster, Graham | 5/3/12 | 7/13/12 | $ | 2,248.20 | | |
| 117 | Ambrose, Jessica | 5/7/12 | 12/24/12 | $ | 7,902.42 | | |
| 118 | Mar, Lee | 5/21/12 | 7/20/12 | $ | 1,823.34 | | |
| 119 | Mayer, Phillip | 5/21/12 | 8/23/12 | $ | 2,440.68 | | |
| 120 | Sharon, Jordan | 5/21/12 | 10/14/12 | $ | 3,702.30 | | |
| 121 | Angelillis, Brett | 5/21/12 | 2/22/13 | $ | 5,686.85 | | |
| 122 | Ahmed, Ibtisam | 5/29/12 | 6/22/12 | $ | 1,103.67 | | |
| 123 | Eagan, Natalie | 6/4/12 | 8/10/12 | $ | 2,326.88 | | |
| 124 | Fonacier, Jose | 6/6/12 | 6/15/12 | $ | 372.40 | | |
| 125 | Charoenchai, San | 6/11/12 | 7/3/12 | $ | 1,049.56 | | |
| 126 | Rogers, Michael | 6/11/12 | 7/20/12 | $ | 1,679.08 | | |
| 127 | Vela, Antonio | 6/18/12 | 7/19/12 | $ | 1,306.01 | | |
| 128 | Colson, Dustin | 6/19/12 | 8/24/12 | $ | 2,024.76 | | |
| 129 | Stifter, Megan | 6/25/12 | 8/17/12 | $ | 1,063.98 | | |
| 130 | Wong, Manuel | 6/25/12 | 8/7/12 | $ | 1,929.55 | | |
| 131 | Santiago, David | 6/25/12 | 8/24/12 | $ | 2,740.76 | | |
| 132 | Grey, Adrian | 6/27/12 | 10/10/12 | $ | 2,585.21 | | |
| 133 | Faulkner, Marq | 7/2/12 | 8/3/12 | $ | 1,269.42 | | |
| 134 | Chen, Hong-Chang | 7/5/12 | 10/19/12 | $ | 747.05 | | |
| 135 | Faden, Felicia | 7/9/12 | 7/23/12 | $ | 512.02 | | |
| 136 | Oei, Peggy | 7/9/12 | 11/21/12 | $ | 4,861.70 | | |
| 137 | Yu, Brian | 7/16/12 | 8/7/12 | $ | 1,061.33 | | |
| 138 | Diaz, Gabriel | 7/16/12 | 2/22/13 | $ | 7,409.03 | | |
| 139 | Ayer, Ethan | 7/18/12 | 7/20/12 | $ | 199.49 | | |
| 140 | Roman, Austin | 7/30/12 | 9/21/12 | $ | 1,652.98 | | |
| 141 | Reed, Shane | 8/3/12 | 8/31/12 | $ | 1,479.11 | | |
| 142 | Teliants, Daniel | 8/6/12 | 9/10/12 | $ | 1,668.41 | | |

64

|     | A | L | M | N | O | P | Q |
|-----|---|---|---|---|---|---|---|
| 143 | Briggs, Thomas | 8/6/12 | 2/24/13 | | $ 3,574.58 | | |
| 144 | Gomez, Alexander | 8/15/12 | 8/17/12 | | $ 127.07 | | |
| 145 | Snyder, Eva | 8/16/12 | 8/17/12 | | $ 130.34 | | |
| 146 | Burditt, James | 8/21/12 | 8/27/12 | | $ 358.43 | | |
| 147 | Kim, John | 8/22/12 | 10/29/12 | | $ 2,515.81 | | |
| 148 | Zhu, Angela | 8/30/12 | 9/5/12 | | $ 524.61 | | |
| 149 | Park, Sang Hak | 9/4/12 | 10/12/12 | | $ 1,444.80 | | |
| 150 | Salatiello, Erika | 9/17/12 | 9/21/12 | | $ 232.74 | | |
| 151 | Laffin, Evan | 9/17/12 | 12/20/12 | | $ 1,396.46 | | |
| 152 | Romatz, Andrew | 9/17/12 | 10/19/12 | | $ 1,665.97 | | |
| 153 | Miller, Steven | 9/17/12 | 2/15/13 | | $ 4,169.59 | | |
| 154 | Groenekamp, William | 9/19/12 | 10/18/12 | | $ 1,595.16 | | |
| 155 | Black, Edward | 9/19/12 | 2/22/13 | | $ 6,330.51 | | |
| 156 | Marshall, Meredith | 9/24/12 | 10/25/12 | | $ 615.94 | | |
| 157 | Kruse, Daniel | 9/28/12 | 10/19/12 | | $ 1,287.90 | | |
| 158 | Morgan, Nathaniel | 10/3/12 | 10/13/12 | | $ 478.79 | | |
| 159 | Rodriguez, Miguel | 10/3/12 | 11/21/12 | | $ 2,407.58 | | |
| 160 | Giassullo, Nicholas | 10/8/12 | 10/14/12 | | $ 332.49 | | |
| 161 | Van Dyne, Alexander | 10/8/12 | 2/22/13 | | $ 4,039.12 | | |
| 162 | Imhof, John | 10/15/12 | 10/19/12 | | $ 398.99 | | |
| 163 | Hurand, Fred | 10/15/12 | 10/31/12 | | $ 651.55 | | |
| 164 | Anderson, Jon | 10/15/12 | 10/30/12 | | $ 844.44 | | |
| 165 | Shin, Dong-Jun | 10/15/12 | 10/27/12 | | $ 899.33 | | |
| 166 | Eder, Gottfried | 10/15/12 | 1/18/13 | | $ 1,383.18 | | |
| 167 | Yip, Mattaniah | 10/17/12 | 10/28/12 | | $ 684.93 | | |
| 168 | Reitzenstein, Daniel | 10/19/12 | 11/16/12 | | $ 1,311.78 | | |
| 169 | Medina, Jose | 10/22/12 | 11/16/12 | | $ 1,265.53 | | |
| 170 | Delk, Ryan | 10/22/12 | 12/5/12 | | $ 1,804.98 | | |
| 171 | Auzenne, Eric | 10/26/12 | 1/25/13 | | $ 1,647.19 | | |
| 172 | Weyandt, Lukas | 10/27/12 | 11/14/12 | | $ 775.52 | | |
| 173 | Feldman, Mark | 11/1/12 | 11/20/12 | | $ 957.98 | | |
| 174 | Looney, Jesse | 11/1/12 | 2/21/13 | | $ 2,205.34 | | |
| 175 | Duncan, Victor | 11/1/12 | 2/22/13 | | $ 3,706.23 | | |
| 176 | Flores, Carlo | 11/5/12 | 11/12/12 | | $ 351.91 | | |
| 177 | Lamarche, Fabio | 11/7/12 | 11/16/12 | | $ 573.49 | | |
| 178 | Berendzen, Cory | 11/19/12 | 2/11/13 | | $ 545.83 | | |

|     | A | L | M | N | O | P | Q |
|-----|---|---|---|---|---|---|---|
| 179 | Britzman, Adrienne | 12/3/12 | 2/1/13 | | $ 2,364.29 | | |
| 180 | Neapolitan, Matthew | 12/13/12 | 12/21/12 | | $ 465.97 | | |
| 181 | Jackson, Phillip | 12/20/12 | 12/21/12 | | $ 106.39 | | |
| 182 | Reeb, Donald | 12/28/12 | 2/22/13 | | $ 1,990.33 | | |
| 183 | Price, Thomas | 1/3/13 | 2/22/13 | | $ 1,831.10 | | |
| 184 | Newman, Elizabeth | 1/7/13 | 2/23/13 | | $ 2,202.95 | | |
| 185 | Burris, Maurice | 1/7/13 | 2/22/13 | | $ 2,365.46 | | |
| 186 | Hsu, Han-Yi | 1/15/13 | 2/22/13 | | $ 560.68 | | |
| 187 | Johnson, Scott | 1/18/13 | 2/22/13 | | $ 2,444.91 | | |
| 188 | DeHaven, Eric | 1/24/13 | 2/24/13 | | $ 1,890.20 | | |
| 189 | Kim, Da Hae | 1/26/13 | 2/16/13 | | $ 1,017.42 | | |
| 190 | Maker, Michael | 1/27/13 | 1/30/13 | | $ 230.89 | | |
| 191 | Tello, Michael | 1/27/13 | 2/2/13 | | $ 423.61 | | |
| 192 | Ricard, Craig | 1/28/13 | 1/30/13 | | $ 184.74 | | |
| 193 | Villari, Stephen | 1/28/13 | 2/8/13 | | $ 532.00 | | |
| 194 | Han, Jeff | 1/28/13 | 2/8/13 | | $ 615.85 | | |
| 195 | Guest, Blake | 1/28/13 | 2/22/13 | | $ 1,330.84 | | |
| 196 | Hillin, Jimmie | 1/28/13 | 2/22/13 | | $ 1,344.95 | | |
| 197 | Midgley, Daniel | 1/29/13 | 2/23/13 | | $ 698.24 | | |
| 198 | Guthrie, Phillip | 1/29/13 | 2/20/13 | | $ 1,127.83 | | |
| 199 | Lemmon, William | 2/4/13 | 2/24/13 | | $ 1,172.06 | | |
| 200 | Hanson, Timothy | 2/7/13 | 2/24/13 | | $ 948.85 | | |
| 201 | Rosenfeld, Matthew | 2/11/13 | 2/15/13 | | $ 400.79 | | |
| 202 | Barischoff, Christopher | 2/11/13 | 2/22/13 | | $ 549.42 | | |
| 203 | Shih, Marcos | 2/19/13 | 2/24/13 | | $ 399.00 | | |
| 204 | Christoph, Sonja | 2/20/13 | 2/23/13 | | $ 165.98 | | |
| 205 | Almeras, Eric | 2/22/13 | 2/22/13 | | $ 71.83 | | |
| 206 | Kinnard, Pency | 2/23/13 | 2/23/13 | | $ 79.80 | | |
| 207 | | | | | | | |
| 208 | | | | | $ 437,643.73 | | |

EXHIBIT "3"

61

**Schwartz, Steinsapir, Dohrmann & Sommers LLP, Feinstein Doyle Payne & Kravec, LLC, and Grebow & Rubin, LLP, Announce Settlement of Class Action Lawsuit Against The Mill Group, Inc., dba The Mill and The Churchill Benefit Corporation, dba Yurcor**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**NATHANIEL WILSON, ET AL. V. THE MILL GROUP, INC., ET AL.**
CASE NO. 2:12-CV-10214

**TO ALL PERSONS WHO AT ANY TIME ON OR AFTER SEPTEMBER 14, 2009 AND UP TO AND INCLUDING MARCH 14, 2013 WORKED OR PERFORMED AND COMPLETED SERVICES IN CALIFORNIA FOR THE MILL IN THE PRE-PRODUCTION, PRODUCTION OR POST-PRODUCTION PROCESSES OF MOTION PICTURES, TELEVISION PROGRAMS ADVERTISING, GAME ART OR OTHER VISUAL CONTENT, AS TO WHOM YURCOR PERFORMED SERVICES FOR THE MILL AND/OR THE RESPECTIVE INDIVIDUAL.**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT.**

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**
**YOU HAVE NOT BEEN SUED.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

1.   Exclude yourself and receive no payment, but you may file or join another lawsuit against defendants about the legal claims in this case.

2.   Object. Write to the Court about why you don't like the settlement. If the settlement is approved and you are eligible for a payment, you will get a payment as described below.

3.   Go to a hearing. Ask to speak in court about the fairness of the settlement. If the settlement is approved and you are eligible for a payment, you will get a payment as described below.

4.   Do nothing. If the settlement is approved and you are eligible for a payment, you will get a payment as described below.

These rights and options—and the deadlines to exercise them—are explained in this notice.

68

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved. Please be patient.

A settlement has been preliminarily approved by a federal court in California in a class action lawsuit against The Mill Group, Inc., dba The Mill ("the Mill"), and The Churchill Benefit Corporation, dba Yurcor ("Yurcor") (collectively, "Defendants"). In a class action, one or more people, called Class Representatives (in this case Nathaniel Wilson, David Shwartz, Richard Servello, and Tim Hoffman), sue on behalf of people who have similar claims. All these people are a Class, here called Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge Stephen V. Wilson is in charge of this class action.

This suit alleges that The Mill and Yurcor, as joint employers, did not properly communicate the pay rate for Yurcor employees providing services to the Mill. They assert that as a result, Defendants did not pay them their full pay rate and that Defendants improperly misclassified Settlement Class Members as independent contractors. Defendants deny any liability in this Action and assert that they properly classified the Settlement Class Members as Yurcor employees and paid them all amounts owed. As part of the settlement, Defendants have agreed to clarify the rates being paid to Yurcor employees performing services for the Mill.

Both sides agree to the Settlement to avoid the cost and risk of future litigation and to provide a recovery to the Settlement Class Members. The terms of the Settlement are contained in an Amended Settlement Agreement ("Settlement Agreement"), dated July --, 2013, a copy of which is available at [website address] or by contacting Class Counsel at the toll-free number or email address identified below. All capitalized terms not otherwise defined in this Legal Notice shall have the meaning provided in the Settlement Agreement.

The proposed Settlement provides that The Mill and Yurcor shall pay a combined settlement amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) ("Settlement Amount") (to be allocated between The Mill and Yurcor, per the terms of the Settlement Agreement) to settle all claims against Defendants. The Settlement proceeds, minus (1) case contribution awards to the Class Representatives as approved by the Court (not to exceed $6,000 in total); (2) the amount of attorneys' fees (not to exceed 25% of the Settlement Amount) and litigation costs (estimated to be approximately $10,000) awarded to Class Counsel by the Court; (3) administration costs (estimated to be $11,000); and (4) $10,000 to be paid to the State of California Labor and Workforce Development Agency, will be allocated to members of the Settlement Class.

If you qualify and if the Settlement is approved, and if you do not opt out of the Settlement, you will be entitled to receive such an allocation. Settlement Class Members (not opting out) will be reimbursed the respective deductions from Class Members' pay, which would be equivalent in each case to the amount that would otherwise have been paid for the payment of employer payroll taxes. Settlement Class Members (not opting out) will also each be paid a waiting time penalty portion from the Settlement Amount in an amount which will be calculated by dividing the remaining Settlement proceeds evenly amongst the entire Class, per Class Member.

2

You do not need to submit a claim or take any other action to receive a payment.  If you are entitled to an allocation and you do not opt out, a payment will be mailed to you in the form of a check.  If you do not opt out, you cannot sue Defendants, or be part of any other suit against Defendants, about the factual and legal issues in this case, based on events occurring before the Preliminary Approval Date.

If you don't want a payment from this settlement and you want to keep your right to sue or continue to sue Defendants, on your own, regarding the legal issues in this case, then you must take steps to exclude yourself (sometimes referred to as opting out of the Settlement Class).

To opt out of the Settlement Class, you must send a letter by mail saying that you want to be excluded from this settlement.  Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____ to the following address:

STUART LIBICKI
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5268

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

It is important that if you have a change in address, you should contact Class Counsel at the toll-free number below and advise them of your current address.

As explained, you have the right to exclude yourself from the Settlement in this case, and you also have the right to object in writing to the Court.  If you do not opt out, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will release all Defendants from all claims that were or could have been asserted in this case, other than your right to obtain the relief provided to you, if any, by the Settlement, based on events occurring up to and including the date of Preliminary Approval.

If you wish to object to the Settlement, you must file your objection with the Court, and you must do so no later than [Court-mandated objection date]--.  You must also provide a copy of your objections to Class Counsel at the below address, and to counsel for The Mill and Yurcor, at the below addresses.  Your objection must include the following:  (a) your name, address, telephone number and e-mail address, and, if you are represented by counsel, the contact information for your counsel; (b) all of your specific objections; (c) whether you intend to appear at the Final Approval Hearing, either with or without counsel; and (d) if you are not included on Exhibit 2 or if you believe the amounts on Exhibit 2 are believed to be incorrect, a statement explaining why you think you are a class member and/or the correction as to the amount due to you.  If you fail to timely file and serve a written objection and notice of your intent to appear at the final Approval Hearing, you will not be permitted to object to the approval of the Settlement

3

at the Final Approval Hearing and will not able to seek any review of the Settlement or the terms of the Agreement by appeal or other means, unless given special permission by the Court.

Office of the Clerk
United States District Court for the Central District of California
312 N. Spring St.
Los Angeles, CA 90012

PLAINTIFFS' COUNSEL

    STUART LIBICKI
    SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
    6300 Wilshire Boulevard, Suite 2000
    Los Angeles, California 90048-5268

DEFENDANTS' COUNSEL

    **FOR THE MILL**

    MICHELE J. BEILKE
    JULIA Y. TRANKIEM
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, California 90071
    Phone: 213-457-8000
    Fax: 213-457-8080
    Email: mbeilke@reedsmith.com

    **FOR YURCOR**

    GREGORY V. MERSOL
    BAKER AND HOSTETLER LLP
    3200 PNC Center, 1900 East 9th Street
    Cleveland, Ohio 44114
    Phone: 216-861-7985
    Fax: 216-696-0740
    Email: gmersol@bakerlaw.com

The United States District Court for the Central District of California authorized this Notice.

**THE DISTRICT COURT WILL HOLD A HEARING AT 1:30 P.M. ON _____ __, 2013_ IN COURTROOM NO. 6 TO DECIDE WHETHER TO APPROVE THE SETTLEMENT AND A REQUEST BY CLASS COUNSEL FOR ATTORNEYS' FEES, FOR OTHER LITIGATION COSTS AND ADMINISTRATION COSTS, AND FOR CASE CONTRIBUTION AWARDS TO THE CLASS REPRESENTATIVES.**

71

**THE COURT IS LOCATED AT THE FOLLOWING ADDRESS:**

Courtroom Number --
United States District Court for the Central District of California
312 N. Spring St.
Los Angeles, CA 90012

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT, INCLUDING ADDITIONAL INFORMATION ABOUT HOW TO OPT OUT OF OR OBJECT TO THE SETTLEMENT, IS AVAILABLE AT [WEB ADDRESS]. IN ADDITION, APPOINTED COUNSEL HAS ESTABLISHED A TOLL-FREE NUMBER, XXX-XXX-XXXX, AND EMAIL ADDRESS, --, TO ASSIST IN ANSWERING QUESTIONS ABOUT THE SETTLEMENT. YOU MAY ALSO CONTACT CLASS COUNSEL AT:**

STUART LIBICKI
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5268

Please direct questions to Class Counsel, and not to the District Court or Defendants.

EXHIBIT "4"

73

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL WILSON, et al., | CASE NO.: 2:12-CV-10214-SVW-MAN |
| Plaintiffs, | [PROPOSED] FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS |
| vs. | |
| THE MILL GROUP, INC., et al. | |
| Defendants. | |

This class action involves claims for alleged violation of the California Labor Code and the California Business and Professions Code, and for conversion. Plaintiffs seek recovery of wages and penalties from Defendants The Mill Group, Inc. dba The Mill ("the Mill") and The Churchill Benefit Corporation dba Yurcor ("Yurcor").

The terms of the Settlement are set out in the Settlement Agreement, dated -- (the "Agreement" or "Settlement Agreement"),[1] executed by counsel on behalf of Plaintiffs and Defendants.

The Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

ORDER PRELIMINARILY APPROVING SETTLEMENT

14

1.   **Class Findings**:  Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class defined below, in that:

(a)   The Court preliminarily finds that, as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept by Defendants, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)   The Court preliminarily finds that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c)   The Court preliminarily finds that, as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

(d)   The Court preliminarily finds, as required by FED. R. CIV. P. 23(a)(4), that the Named Plaintiffs who are participants in the Plans and members of the Settlement Class will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between Named Plaintiffs and the Settlement Class, and (iii) the Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions of this type.

(e)   The Court preliminarily finds that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this action, or (ii)

1    adjudications as to individual class members that would, as a practical matter, be

2    dispositive of the interests of the other members not parties to the adjudications,

3    or substantially impair or impede those persons' ability to protect their interests.

4         (f)    The Court preliminarily finds that as required by FED. R. CIV.

5    P. 23(b)(3), Named Plaintiffs' claims are based on allegations that Defendants,

6    through their alleged scheme to willfully misclassify and treat Class Members as

7    independent contractors and/or unlawfully deduct "Yurcor's overhead costs"

8    (employer payroll taxes) from Class Members' wages earned as employees of

9    Defendants pose questions of law and/or fact common to class members

10    predominating over  questions affecting only individual members, and that a

11    class action is superior to other available methods for fairly and efficiently

12    adjudicating the controversy.

13         (g)    The Court preliminarily finds that, as required by FED. R. CIV.

14    P. 23(g), Class Counsel are capable of fairly and adequately representing the

15    interests of the Settlement Class, in that Class Counsel have done extensive work

16    identifying or investigating potential claims in the action, Class Counsel are

17    experienced in handling class actions and claims; Class Counsel are

18    knowledgeable of the applicable law; and Class Counsel have committed the

19    necessary resources to represent the Settlement Class.

20      **2.**    **Class Certification** — The Court certifies the following Settlement

21    Class under FED. R. CIV. P. 23(b)(1) and FED. R. CIV. P. 23(b)(2):

> All individuals who on or after September 14, 2009 worked or performed
> and completed services in California for The Mill Group, Inc. ("Mill") in
> the pre-production, production or post-production processes of motion
> pictures, television programs advertising, game art or other visual content,
> as to whom The Churchill Benefit Corporation dba Yurcor ("Yurcor")
> performed services for the Mill and/or the respective individual (for
> example, payroll processing services, "Employer of Record" services or
> "Yurcor's third party payroll services program").

27    The Court appoints the Named Plaintiffs as class representatives for the

28    Settlement Class and appoints Schwartz, Steinsapir, Dohrmann & Sommers

_76_

1   LLP, Grebow and Rubin LLP, and Stember Feinstein Doyle Payne & Kravec, LLC

2   as Class Class Counsel for the Plaintiffs in the Action pursuant to Fed. R. Civ. P.

3   23(g).

4       **3.**   **Preliminary Findings Regarding Proposed Settlement** — The

5   Court preliminarily finds that (i) the proposed Settlement resulted from extensive

6   arms'-length negotiations, (ii) the Settlement Agreement was executed only after

7   Class Counsel had conducted extensive investigation into the facts and merits of

8   their claims, (iii) Class Counsel have diligently investigated and aggressively

9   litigated this case to be fully apprised of the strengths and weaknesses of the

10  Named Plaintiffs' claims, and (iv) the proposed Settlement is sufficiently fair,

11  reasonable, and adequate to warrant sending notice of the proposed Settlement to

12  the Settlement Class.

13      **4.**   **Fairness Hearing** — A hearing is scheduled for December 30, 2013

14  at  (the "Fairness Hearing") to determine, among other things:

15      •   Whether the Settlement should be finally approved as fair,

16  reasonable and adequate;

17      •   Whether the Action should be dismissed with prejudice pursuant to

18  the terms of the Settlement Agreement;

19      •   Whether the notice, summary notice and notice method proposed by

20  the Parties (i) constitutes the best practicable notice, (ii) constitutes notice

21  reasonably calculated, under the circumstances, to apprise members of the

22  Settlement Class of the pendency of the litigation, their right to object to the

23  Settlement, and their right to appear at the Fairness Hearing, (iii) are reasonable

24  and constitute due, adequate, and sufficient notice to all persons entitled to

25  notice, and (iv) meet all applicable requirements of the Federal Rules of Civil

26  Procedure and any other applicable law;

27      •   Whether Class Counsel adequately represented the Settlement Class

28  for purposes of entering into and implementing the Settlement;

ORDER PRELIMINARILY APPROVING
SETTLEMENT

71

1    •    Whether the proposed Plan of Allocation should be ordered by this

2    Court for implementation; and

3    •    Whether any application(s) for attorneys' fees and expenses and

4    compensation to Named Plaintiffs is fair and reasonable and should be approved.

5    **5.    Settlement Class Notice** — The Parties have presented to the Court

6    a proposed form of Class Notice, appended hereto as Exhibit A.  The Court finds

7    that such form fairly and adequately (a) describes the terms and effect of the

8    Settlement Agreement and the Plan of Allocation, (b) notifies the Settlement

9    Class that Class Counsel will seek attorneys' fees from the Settlement Fund not

10   to exceed 25% of the Settlement Fund plus litigation costs of approximately

11   $10,000, reimbursement of expenses, and compensation up to $1,500 for each of

12   the Named Plaintiffs, (c) gives notice to the Settlement Class of the time and

13   place of the Fairness Hearing, and (d) describes how the recipients of the Class

14   Notice may object to any of the relief requested.  The Parties have proposed the

15   following manner of communicating the notice to members of the Settlement

16   Class, and the Court finds that such proposed manner is the best notice

17   practicable under the circumstances.  Accordingly, the Court directs that Class

18   Counsel shall:

19   •    By no later than September 23, 2013, cause the Class Notice, with

20   such non-substantive modifications thereto as may be agreed upon by the Parties,

21   to be mailed, by first-class mail, postage prepaid, to the last known address of

22   each member of the Settlement Class who can be identified by reasonable effort.

23   Individual Defendants (if it has not already done so) shall use commercially

24   reasonable efforts to assist Class Counsel in promptly obtaining the names and

25   last known addresses of the members of the Settlement Class.  The names and

26   addresses Class Counsel obtains pursuant to this order shall be used solely for

27   the purpose of providing notice of this Settlement and for no other purpose.

28

ORDER PRELIMINARILY APPROVING
SETTLEMENT

1   •      By no later than September 30, 2013, cause the Class Notice to be

2   published on each website identified in the Class Notice, which will also host

3   copies of all Settlement-related documents, including the Settlement Agreement.

4          **6.     Objections to Settlement** — Any member of the Settlement Class

5   who wishes to object to the fairness, reasonableness or adequacy of the

6   Settlement, to any term of the Settlement Agreement, to the Plan of Allocation,

7   to the proposed award of attorneys' fees and expenses, or to the request for

8   compensation for the Named Plaintiffs may file an objection.  An objector must

9   file with the Court a statement of his, her, or its objection(s), specifying the

10  reason(s), if any, for each such objection made, including any legal support

11  and/or evidence that such objector wishes to bring to the Court's attention or

12  introduce in support of such objection.  The objector must also mail copies of the

13  objection and all supporting law and/or evidence to Class Counsel and counsel

14  for the Defendants.  The addresses for filing objections with the Court and

15  service on counsel are as follows:

16       *FOR FILING:*

17  FOR FILING:

18       Clerk of the Court
         United States District Court for the Central District of California,
19       312 North Spring Street
         Los Angeles, CA 90012-4701
20       (213) 894-1565

21

22       To Named Plaintiffs Co-Lead Settlement Class Counsel:

23       **Arthur Jeffrey Grebow**
         Grebow and Rubin LLP
         16133 Ventura Boulevard Suite 260
24       Encino, CA 91436
         818-783-1100
25       Fax: 818-783-1103
         Email: agrebow@grebowrubinlaw.com

26

27

28

ORDER PRELIMINARILY APPROVING
SETTLEMENT

19

1

**Pamina Ewing**
Stember Feinstein Doyle Payne and Kravec LLC
1705 Allegheny Building
429 Forbes Avenue 17th Floor
Pittsburgh, PA 15219
412-281-8400
Fax: 412-281-1007
Email: pewing@stemberfeinstein.com

2

3

4

5

**Stuart Libicki**
Schwartz Steinsapir Dohrmann and Sommers LLP
6300 Wilshire Boulevard Suite 2000
Los Angeles, CA 90048-5268
323-655-4700
Fax: 323-655-4488
Email: sl@ssdslaw.com

6

7

8

9

**William T Payne**
Stember Feinstein Doyle Payne and Kravec LLC
Allegheny Building
429 Forbes Avenue 17th Floor
Pittsburgh, PA 15219
412-281-8400
Fax: 412-492-8978
Email: wpayne@stemberfeinstein.com

10

11

12

13

TO DEFENDANTS' COUNSEL:

14

15

**Michele J Beilke**
**Julia Yenha Trankiem**
Reed Smith LLP
355 South Grand Avenue Suite 2900
Los Angeles, CA 90071
213-457-8000
Fax: 213-457-8080
Email: mbeilke@reedsmith.com

16

17

18

19

20

**Gregory V Mersol**
**Sabrina L Shadi**
Baker and Hostetler LLP
12100 Wilshire Boulevard 15th Floor
Los Angeles, CA 90025-7120
310-820-8800
Fax: 310-820-8859
Email: sshadi@bakerlaw.com

21

22

23

24

25

26      The objector or his, her, or its counsel (if any) must effect service of

27  copies of the objection on counsel listed above and file it with the Court by no

28  later than November 8, 2013. If an objector hires an attorney to represent him,

ORDER PRELIMINARILY APPROVING
SETTLEMENT

80

her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than November 8, 2013.   Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.   **Appearance at Fairness Hearing** — Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.   Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than November 22, 2013. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.   **Notice Expenses** — The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

9.   **Service of Papers** — Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10.   **Termination of Settlement** — This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court

entered this Order as well as the Tentative Settlement entered on July ___, 2013, if the Settlement is terminated in accordance with the Settlement Agreement.

**11.    Use of Order** – This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

**12.    Jurisdiction** — The Court hereby retains jurisdiction for purposes of implementing this Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate and to resolve any and all disputes arising thereunder.

**13.    Continuance of Hearing** — The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this ___ day of _____, 2013.


_____

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING
SETTLEMENT