FILED
CLERK U.S. DISTRICT COURT

DEC 1 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ VSS ___ DEPUTY

1  STUART LIBICKI, Esq. (SBN 57626)
2  SCHWARTZ, STEINSAPIR,
     DOHRMANN & SOMMERS LLP
3  6300 Wilshire Boulevard, Suite 2000
   Los Angeles, CA 90048-5268
4  Telephone:  (323) 655-4700 - Facsimile:  (323) 655-4488
   sl@ssdslaw.com
5
   WILLIAM T. PAYNE (SBN 90988)
6  PAMINA EWING (PA Bar # 59244)
   FEINSTEIN DOYLE
7    PAYNE & KRAVEC, LLC
8  429 Forbes Avenue, 17th Floor
   Pittsburgh, PA 15219
9  Phone:  (412) 281-8400 - Fax: (412) 281-1007
   wpayne@stemberfeinstein.com
10 pewing@stemberfeinstein.com

11 Arthur Grebow, Esq. (SBN 41374)
   GREBOW & RUBIN LLP
12 16133 Ventura Boulevard, Suite 260
   Encino, CA  91436
13 Phone: 818-783-1100 - Fax: (818) 783-1103
14 agrebow@grebowrubinlaw.com

15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
                     WESTERN DIVISION
17

18 NATHANIEL WILSON, et al.,              CASE NO.: 2:12-CV-10214-SVW-MAN

19                   Plaintiffs,          [PROPOSED AMENDED] FINDINGS
                                          AND ORDER PRELIMINARILY
20        vs.                             CERTIFYING A CLASS FOR
                                          SETTLEMENT PURPOSES,
21 THE MILL GROUP INC., et al.,           PRELIMINARILY APPROVING
                                          PROPOSED CLASS ACTION
22                   Defendants.          SETTLEMENT, APPROVING FORM
                                          AND MANNER OF CLASS NOTICE,
23                                         AND SETTING DATE FOR
                                          HEARING ON FINAL APPROVAL
24                                         OF SETTLEMENT AND AWARD OF
                                          ATTORNEYS' FEES AND
25                                         EXPENSES AND CASE
                                          CONTRIBUTION AWARDS
26
                                          Date:        September 9, 2013
27                                         Time:        1:30 p.m.
                                          Place:       Courtroom 6
28

                                      1

1   This class action involves claims for alleged violation of the California
2   Labor Code and the California Business and Professions Code, and for
3   conversion.  Plaintiffs seek recovery of wages and penalties from Defendants
4   The Mill Group, Inc. dba The Mill ("the Mill") and The Churchill Benefit
5   Corporation dba Yurcor ("Yurcor").
6       The terms of the Settlement are set out in the Second Amended Settlement
7   Agreement, dated December 11, 2013 (the "Agreement" or "Settlement
8   Agreement"),[1] executed by counsel on behalf of Plaintiffs and Defendants.
9       The Court has preliminarily considered the Settlement to determine,
10   among other things, whether the Settlement is sufficient to warrant the issuance
11   of notice to members of the Settlement Class.  Upon reviewing the Settlement
12   Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
13       **1.**     **Class Findings**:  Solely for the purposes of the Settlement, the
14   Court finds that the requirements of the Federal Rules of Civil Procedure, the
15   United States Constitution, the Rules of the Court and any other applicable law
16   have been met as to the Settlement Class defined below, in that:
17               (a)     The Court preliminarily finds that, as required by FED. R. CIV.
18   P. 23(a)(1), the Settlement Class is ascertainable from records kept by
19   Defendants, and the members of the Settlement Class are so numerous that their
20   joinder before the Court would be impracticable.
21               (b)     The Court preliminarily finds that, as required by FED. R. CIV.
22   P. 23(a)(2), there are one or more questions of fact and/or law common to the
23   Settlement Class.
24   //
25   //
26
27   [1] Capitalized terms not otherwise defined in this Order shall have the same
28   meaning as ascribed to them in the Settlement Agreement.

ID. #_____

1          (c)     The Court preliminarily finds that, as required by FED. R. CIV.

2 P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the

3 Settlement Class.

4          (d)     The Court preliminarily finds, as required by FED. R. CIV. P.

5 23(a)(4), that the Named Plaintiffs who are participants in the Plans and

6 members of the Settlement Class will fairly and adequately protect the interests

7 of the Settlement Class in that (i) the interests of the Named Plaintiffs and the

8 nature of their alleged claims are consistent with those of the members of the

9 Settlement Class, (ii) there appear to be no conflicts between Named Plaintiffs

10 and the Settlement Class, and (iii) the Named Plaintiffs and the members of the

11 Settlement Class are represented by qualified, reputable counsel who are

12 experienced in preparing and prosecuting class actions of this type.

13          (e)     The Court preliminarily finds that, as required by FED. R. CIV.

14 P. 23(b)(1), the prosecution of separate actions by individual members of the

15 Settlement Class would create a risk of (i) inconsistent or varying adjudications

16 as to individual class members that would establish incompatible standards of

17 conduct for the parties opposing the claims asserted in this action, or (ii)

18 adjudications as to individual class members that would, as a practical matter, be

19 dispositive of the interests of the other members not parties to the adjudications,

20 or substantially impair or impede those persons' ability to protect their interests.

21          (f)     The Court preliminarily finds that as required by FED. R. CIV.

22 P. 23(b)(3), Named Plaintiffs' claims are based on allegations that Defendants,

23 through their alleged scheme to willfully misclassify and treat Class Members as

24 independent contractors and/or unlawfully deduct "Yurcor's overhead costs"

25 (employer payroll taxes) from Class Members' wages earned as employees of

26 Defendants pose questions of law and/or fact common to class members

27 predominating over questions affecting only individual members, and that a class

28

1  action is superior to other available methods for fairly and efficiently

2  adjudicating the controversy.

3          (g)    The Court preliminarily finds that, as required by FED. R. CIV.

4  P. 23(g), Class Counsel are capable of fairly and adequately representing the

5  interests of the Settlement Class, in that Class Counsel have done extensive work

6  identifying or investigating potential claims in the action, Class Counsel are

7  experienced in handling class actions and claims; Class Counsel are

8  knowledgeable of the applicable law; and Class Counsel have committed the

9  necessary resources to represent the Settlement Class.

10      **2.    Class Certification** — The Court certifies the following Settlement

11  Class under FED. R. CIV. P. 23(b)(1) and FED. R. CIV. P. 23(b)(2):

12

13          All individuals who on or after September 14, 2009 and at any time up

14          to and including March 14, 2013 worked or performed and completed

15          services in California for The Mill Group, Inc. ("Mill") in the pre-

16          production, production or post-production processes of motion

17          pictures, television programs advertising, game art or other visual

18          content, as to whom The Churchill Benefit Corporation dba Yurcor

19          ("Yurcor") performed services for the Mill and/or the respective

20          individual (for example, payroll processing services, "Employer of

21          Record" services or "Yurcor's third party payroll services program").

22

23          The Court appoints the Named Plaintiffs as class representatives for the

24  Settlement Class and appoints Schwartz, Steinsapir, Dohrmann & Sommers

25  LLP, Grebow and Rubin LLP, and Stember Feinstein Doyle Payne & Kravec,

26  LLC as Class Class Counsel for the Plaintiffs in the Action pursuant to Fed. R.

27  Civ. P. 23(g).

28

1    **3.    Preliminary Findings Regarding Proposed Settlement** — The
2 Court preliminarily finds that (i) the proposed Settlement resulted from extensive
3 arms'-length negotiations, (ii) the Settlement Agreement was executed only after
4 Class Counsel had conducted extensive investigation into the facts and merits of
5 their claims, (iii) Class Counsel have diligently investigated and aggressively
6 litigated this case to be fully apprised of the strengths and weaknesses of the
7 Named Plaintiffs' claims, and (iv) the proposed Settlement is sufficiently fair,
8 reasonable, and adequate to warrant sending notice of the proposed Settlement to
9 the Settlement Class.

10    **4.    Fairness Hearing** — A hearing is scheduled for April 21, 2014 at
11 (the "Fairness Hearing") to determine, among other things:

12    •    Whether the Settlement should be finally approved as fair,
13 reasonable and adequate;

14    •    Whether the Action should be dismissed with prejudice pursuant to
15 the terms of the Settlement Agreement;

16    •    Whether the notice, summary notice and notice method proposed by
17 the Parties (i) constitutes the best practicable notice, (ii) constitutes notice
18 reasonably calculated, under the circumstances, to apprise members of the
19 Settlement Class of the pendency of the litigation, their right to object to the
20 Settlement, and their right to appear at the Fairness Hearing, (iii) are reasonable
21 and constitute due, adequate, and sufficient notice to all persons entitled to
22 notice, and (iv) meet all applicable requirements of the Federal Rules of Civil
23 Procedure and any other applicable law;

24    •    Whether Class Counsel adequately represented the Settlement Class
25 for purposes of entering into and implementing the Settlement;

26    •    Whether the proposed Plan of Allocation should be ordered by this
27 Court for implementation; and

28

• Whether any application(s) for attorneys' fees and expenses and compensation to Named Plaintiffs is fair and reasonable and should be approved. Plaintiffs shall file their motion for final approval of the Settlement, attorney's fees, costs and case contribution awards by March 24, 2014. Further, at least ten (10) days prior to the Fairness Hearing, Class Counsel will file with the Court a supplemental declaration certifying that they have the distributed the Notice in full compliance with this Order. Further, Class Counsel shall also apprise the Court of any objections that have been filed to date.

**5.** **Settlement Class Notice** — The Parties have presented to the Court a proposed form of Class Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately (a) describes the terms and effect of the Settlement Agreement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees from the Settlement Fund not to exceed 25% of the Settlement Fund plus litigation costs of approximately $10,000, reimbursement of expenses, and compensation up to $1,500 for each of the Named Plaintiffs, (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Class Notice may object to any of the relief requested. The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

• By no later than January 14, 2014, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort. Individual Defendants (if it has not already done so) shall use commercially

ID. #_____

[PROPOSED AMENDED] ]FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, ETC.

reasonable efforts to assist Class Counsel in promptly obtaining the names and last known addresses of the members of the Settlement Class.  The names and addresses Class Counsel obtains pursuant to this order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

•   By no later than January 28, 2014, cause the Class Notice to be published on each website identified in the Class Notice, which will also host copies of all Settlement-related documents, including the Settlement Agreement.

**6.    Objections to Settlement** — Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for compensation for the Named Plaintiffs may file an objection.  An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

For Filing:

Clerk of the Court

United States District Court for the Central District of California

312 North Spring Street

Los Angeles, CA 90012-4701

(213) 894-1565


To Named Plaintiffs Co-Lead Settlement Class Counsel:

1  **Arthur Jeffrey Grebow**

2  Grebow and Rubin LLP

3  16133 Ventura Boulevard Suite 260

4  Encino, CA 91436

5  818-783-1100

6  Fax: 818-783-1103

7  Email: agrebow@grebowrubinlaw.com

8

9  **Pamina Ewing**

10  Stember Feinstein Doyle Payne and Kravec LLC

11  1705 Allegheny Building

12  429 Forbes Avenue 17th Floor

13  Pittsburgh, PA 15219

14  412-281-8400

15  Fax: 412-281-1007

16  Email: pewing@stemberfeinstein.com

17

18  **Stuart Libicki**

19  Schwartz Steinsapir Dohrmann and Sommers LLP

20  6300 Wilshire Boulevard Suite 2000

21  Los Angeles, CA 90048-5268

22  323-655-4700

23  Fax: 323-655-4488

24  Email: sl@ssdslaw.com

25

26  **William T Payne**

27  Stember Feinstein Doyle Payne and Kravec LLC

28

1   Allegheny Building

2   429 Forbes Avenue 17th Floor

3   Pittsburgh, PA 15219

4   412-281-8400

5   Fax: 412-492-8978

6   Email: wpayne@stemberfeinstein.com

7

8       To Defendant's Counsel:

9   **Michele J Beilke**

10  **Julia Yenha Trankiem**

11  Reed Smith LLP

12  355 South Grand Avenue Suite 2900

13  Los Angeles, CA 90071

14  213-457-8000

15  Fax: 213-457-8080

16  Email: mbeilke@reedsmith.com

17

18

19

    **Gregory V Mersol**
20
    **Sabrina L Shadi**
21
    Baker and Hostetler LLP
22
    12100 Wilshire Boulevard 15th Floor
23
    Los Angeles, CA 90025-7120
24
    310-820-8800
25
    Fax: 310-820-8859
26
    Email: sshadi@bakerlaw.com
27

28

1     The objector or his, her, or its counsel (if any) must effect service of

2 copies of the objection on counsel listed above and file it with the Court by no

3 later than February 28, 2014.  If an objector hires an attorney to represent him,

4 her, or it for the purposes of making such objection pursuant to this paragraph,

5 the attorney must both effect service of a notice of appearance on counsel listed

6 above and file it with the Court by no later than February 28, 2014.  Any

7 member of the Settlement Class or other Person who does not timely file and

8 serve a written objection complying with the terms of this paragraph shall be

9 deemed to have waived, and shall be foreclosed from raising, any objection to

10 the Settlement, and any untimely objection shall be barred.

11     **7.**     **Appearance at Fairness Hearing** — Any objector who files and

12 serves a timely, written objection in accordance with paragraph 6 above may also

13 appear at the Fairness Hearing either in person or through counsel retained at the

14 objector's expense.  Objectors or their attorneys intending to appear at the

15 Fairness Hearing must effect service of a notice of intention to appear setting

16 forth, among other things, the name, address, and telephone number of the

17 objector (and, if applicable, the name, address, and telephone number of the

18 objector's attorney) on Class Counsel and Defendants' counsel (at the addresses

19 set out above) and file it with the Court by no later than March 17, 2014.  Any

20 objector who does not timely file and serve a notice of intention to appear in

21 accordance with this paragraph shall not be permitted to appear at the Fairness

22 Hearing, except for good cause shown.

23     **8.**     **Notice Expenses** — The expenses of printing and mailing and

24 publishing all notices required hereby shall be paid from the Settlement Fund.

25     **9.**     **Service of Papers** — Defendants' counsel and Class Counsel shall

26 promptly furnish each other with copies of any and all objections that come into

27 their possession.

28

10

1   **10.   Termination of Settlement** — This Order shall become null and

2   void, and shall be without prejudice to the rights of the Parties, all of whom shall

3   be restored to their respective positions existing immediately before this Court

4   entered this Order as well as the Tentative Settlement entered on March 14,

5   2013, if the Settlement is terminated in accordance with the Settlement

6   Agreement.

7   **11.   Use of Order** – This Order shall not be construed or used as an

8   admission, concession, or declaration by or against Defendants of any finding of

9   fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be

10   construed or used as an admission, concession, or declaration by or against

11   Named Plaintiffs or the Settlement Class that their claims lack merit or that the

12   relief requested in the Action is inappropriate, improper or unavailable, or as a

13   waiver by any party of any arguments, defenses, or claims he, she, or it may

14   have, including, but not limited to, any objections by Defendants to class

15   certification in the event that the Settlement Agreement is terminated.

16   **12.   Jurisdiction** — The Court hereby retains jurisdiction for purposes

17   of implementing this Settlement, and reserves the power to enter additional

18   orders to effectuate the fair and orderly administration and consummation of the

19   Settlement as may from time to time be appropriate and to resolve any and all

20   disputes arising thereunder.

21   **13.   Continuance of Hearing** — The Court reserves the right to

22   continue the Fairness Hearing without further written notice.

23   SO ORDERED this _16_ day of _Dumby_____, 2013.

24

25

26                    HON. STEPHEN V. WILSON
                      UNITED STATES DISTRICT JUDGE

27

28

11