STUART LIBICKI, Esq. (SBN 57626)
SCHWARTZ, STEINSAPIR,
  DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048-5268
Telephone:   (323) 655-4700
Facsimile:    (323) 655-4488
Email:         sl@ssdslaw.com

WILLIAM T. PAYNE (SBN 90988)
PAMINA EWING (PA Bar # 59244)
FEINSTEIN DOYLE
  PAYNE & KRAVEC, LLC
429 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219
Phone:  (412) 281-8400
Fax: (412) 281-1007
wpayne@stemberfeinstein.com
pewing@stemberfeinstein.com

Arthur Grebow, Esq. (SBN 41374)
GREBOW & RUBIN LLP
16133 Ventura Boulevard, Suite 260
Encino, CA  91436
Phone: 818-783-1100
Fax: (818) 783-1103
agrebow@grebowrubinlaw.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NATHANIEL WILSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE MILL GROUP INC., et al., <br><br> Defendants. | CASE NO.:  2:12-CV-10214-SVW-MAN <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> **Date:**          **April 21, 2014** <br> **Time:**          **1:30 P.M.** <br> **Place:**         **Courtroom 6** |

Case No.: 2:12-CV-10214-SVW-MAN

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION ........................................................................... 1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................ 3

        a.  Plaintiffs' Claims ................................................................... 3

        b.  Procedural History ................................................................. 5

        c.  The Parties' Settlement .......................................................... 7

        d.  Notice to Settlement Class Members ......................................... 9

III.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE
        AND FINAL APPROVAL SHOULD BE GRANTED .............................. 10

        a.  Legal Standard ..................................................................... 10

        b.  Argument as to Settlement Approval ........................................ 11

            i.   The Strength of the Plaintiffs' Case ................................. 11

            ii.  The Risk, Expense, Complexity, and Likely Duration of Further
                 Litigation ...................................................................... 12

            iii. The Risk of Maintaining Class Action Status Throughout the Trial... 13

            iv.  The Amount Offered in Settlement ..................................... 13

            v.   The Extent of Discovery Completed and the Stage of the
                 Proceedings .................................................................... 14

            vi.  The Experience and Views of Counsel; .............................. 15

i

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

*vii.* *Settlement Class Members' Positive Response and the Absence of Objections Support Approving the Settlement* ..................................... 16

c.   Settlement Class Members' Reaction Supports Plaintiffs' Motion for Attorney's Fees ..................................................................................... 16

IV.   CONCLUSION ............................................................................................. 17

ii

# TABLE OF AUTHORITIES

**Cases**

*ASIS Internet Servs. v. Member Source Media, LLC*,
2008 WL 4164822 (N.D. Cal. Sept. 8, 2008)......................................................12

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979)......................................................................15

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ............................................................................10

*Cohorst v. BRE Properties, Inc.*,
10CV2666 JM BGS, 2012 WL 153754 (S.D. Cal. Jan. 18, 2012), *appeal dismissed* (Sept. 5, 2012) ........................................................................................9

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*,
213 F.3d 454 (9th Cir. 2000) ..............................................................................11

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)...............................................................................................9

*Glass v. UBS Financial Services. Inc.*,
No. 06-CV-4068, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) .........................14

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................11

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ........................................................................13

*In re Heritage Bond Litigation*,
No. 02-ML-1475, 2005 WL 1594403 (C.D. Cal. June 5, 2005) .........................12

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*In re Immune Response Sec. Litig.*,
  497 F. Supp.2d 1166 (S.D. Cal. 2007) ...............................................15

*In re Mago Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ...............................................14

*In re Omnivision Tech., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. Jan. 9, 2008) ...............................................11, 15

*In re Sumitomo Cooper Litig.*,
  189 F.R.D. 274 (S.D.N.Y.1999) ...............................................12

*Maley v. Del Global Tech. Corp.*,
  186 F.Supp.2d 358 (S.D.N.Y. 2002) ...............................................12

*Morales v. Stevco, Inc.*,
  1:09-CV-00704 AWI, 2012 WL 1790371, (E.D. Cal. May 16, 2012) *report and recommendation adopted in part*, CIV-F-09-0704 AWI, 2013 WL 1222058 (E.D. Cal. Mar. 25, 2013) ...............................................8

*Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ...............................................12, 16

*Officers for Justice v. Civil Service Com.*,
  688 F.2d 615 (9th Cir. 1982) ...............................................14

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) ...............................................5, 6

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...............................................1, 2, 10

*Van Bronkhurst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ...............................................10

iv

*Wietzke v. CoStar Realty Info., Inc.,*
  09CV2743 MMA WVG, 2011 WL 817438 (S.D. Cal. Mar. 2, 2011)..................8

*Williams v. Vukovich,*
  720 F.2d 909 (6th Cir. 1983) ...............................................................15

**Statutes**
Cal. Bus. and Prof. Code § 17200 ........................................................5
Cal. Labor Code § 201 ........................................................................5
Cal. Labor Code § 201.5 .....................................................................5
Cal. Labor Code § 203 ........................................................................5
Cal. Labor Code § 221 ........................................................................5
Cal. Labor Code § 223 ........................................................................5
Cal. Labor Code § 224 ........................................................................5
Cal. Labor Code § 226.8 .....................................................................5
Cal. Labor Code § 2743 ......................................................................5

**Other Authorities**

4 A. Conte & H. Newberg, Newberg on Class Actions, § 11:50 (4th ed.2002) .....12

**Rules**

Fed.R.Civ.P. 23 .................................................................................17
Fed. R. Civ. P. 23(b)(1) .......................................................................6
Fed. R. Civ. P. 23(b)(2) .......................................................................6
Fed.R.Civ.P. 23(e) ....................................................................1, 10, 14
Fed.R.Civ.P. 23(f) .............................................................................13
Fed.R.Civ.P. 23(g) .............................................................................7

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs seek an order granting final approval of the Settlement (Dkt. No. 45-02 at p. 17) in this class action lawsuit, together with an award of attorneys' fees, reimbursement of expenses and case contribution awards.  Plaintiffs' operative Second Amended Complaint (Dkt. No. 25; "SAC") seeks unpaid wages and penalties arising from Defendants The Mill Group, Inc. dba The Mill's ("The Mill") and The Churchill Benefit Corporation dba Yurcor's ("Yurcor") (together, "Defendants") alleged pattern and practice of misclassifying their employees as independent contractors and making unlawful deductions from employees' wages. *See*  SAC ¶4; Declaration of Stuart Libicki in Support of Plaintiffs' Motion for an Award of Attorney's Fees, Litigation Expenses, and Case Contribution Awards (Dkt. No. 46-03; "07-29-2013 Libicki Dec.") at ¶7; Declaration of Arthur Grebow in Support of Plaintiffs' Uncontested Motions for (1) Class Certification and (2) Preliminary Approval of Class Action Settlement (Dkt. No. 45-02; "Grebow Dec.") at ¶7.[1]  The Court should grant final approval of the Settlement because it is fair, reasonable and adequate as required by Fed.R.Civ.P. 23(e) and the Ninth Circuit Court of Appeals.  *See*  Fed.R.Civ.P. 23(e) (a class action may be settled only with court approval upon a finding it is fair, reasonable and adequate); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  For the following reasons, the Settlement is fair, reasonable and adequate under the factors set forth by the Ninth Circuit which include: the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the relief offered by the

---

[1] Much of the discussion in this brief supporting final approval of the settlement is the same as that presented to the Court in the motion for preliminary approval and supporting papers.

Settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of Class Counsel; and Settlement Class Members' reaction to the Settlement. *Rodriguez*, 563 F.3d at 963.

*First*, the Settlement is fair, reasonable and adequate because it makes each Settlement Class Member eligible to be made whole by receiving the full amount Defendants unlawfully deducted from their wages, together with an additional monetary penalty award of approximately $2,600 each.  Settlement at p. 12-13; Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21.  Therefore, the Settlement will fully compensate Settlement Class Members for their out-of-pocket losses.  The only further money Settlement Class Members could obtain by taking their claims to trial would be additional penalties as opposed to their out-of-pocket losses. Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶ 21.  This shows the Settlement is fair, reasonable and adequate.

*Second*, Settlement Class Members' reaction to the Settlement is 100% positive, further demonstrating the Settlement is fair, reasonable and adequate. Class Counsel notified Settlement Class Members of the Settlement via direct mail and website publication pursuant to this Court's Order (Dkt. No. 50 at p. 6). Declaration of Stuart Libicki in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Libicki Dec.") ¶¶5-6; Declaration of Abel Morales in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Morales Dec.") ¶¶11-12.  No Settlement Class Member objected or opted out. Morales Dec. ¶¶11-12. 03-24-2013 Libicki Dec.¶8.  To the contrary, many Settlement Class Members expressed their satisfaction with the settlement to Class Counsel.  03-24-2013 Libicki Dec.¶7.

*Third*, the relief obtained for Settlement Class Members is fair, reasonable and adequate in light of the risks and expense of litigating this matter through class

2

certification, dispositive motions, trial and appeal.  Because litigating this matter would involve considerable risk and expense with no certainty Settlement Class Members would receive any relief beyond what the Settlement provides, the Court should find the Settlement is fair, reasonable and adequate.

*Fourth*, Class Counsel are highly experienced in class action and labor law, and based on this experience and significant work investigating the legal and factual issues involved with Plaintiffs' claims, recommend the Settlement as fair, reasonable and adequate.  Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21.

For these reasons, and as further set forth herein, the Court should enter the attached proposed order granting final approval.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### a.  Plaintiffs' Claims

This is a class action against Defendants The Mill and Yurcor seeking wages, penalties, equitable and injunctive relief based on Defendants' pattern and practice of misclassifying their employees as independent contractors and unlawfully deducting from their employees' wages Yurcor's self-styled "administrative overhead costs."  SAC ¶4; Grebow Dec. ¶7; 07-29-2013 Libicki Dec.¶7.  Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals Defendants employed at any time from September 14, 2009 through March 14, 2013 ("Settlement Class Members," collectively the "Settlement Class").  SAC ¶17; Order Granting Preliminary Approval (Dkt. No. 50) at p. 4.

The Mill is a production company developing and creating visual effects for advertisements, film, television, games and music videos.  SAC ¶5; Grebow Dec. ¶8; 07-29-2013 Libicki Dec.¶7.  Yurcor is a self-styled "provider of human resource services."  SAC at ¶7; Grebow Dec. ¶8; 07-29-2013 Libicki Dec.¶7.

3

1  Yurcor provided Settlement Class Members' services to The Mill pursuant to an

2  agreement between Yurcor and The Mill resembling a labor leasing arrangement.

3  *Id.*

4      Pursuant to Defendants' agreement, The Mill located, interviewed,

5  negotiated wage rates with and entered into oral employment contracts with

6  Settlement Class Members.  SAC ¶5; Grebow Dec. ¶8; 07-29-2013 Libicki Dec.¶7.

7  The Mill then directed Settlement Class Members to contact Yurcor, who The Mill

8  falsely represented was its payroll service company, to complete their paperwork.

9  *Id.*  During Settlement Class Members' employment, The Mill exercised total

10 control over the manner in which they performed their work, set their wages, hours

11 and other working terms and conditions, and was Settlement Class Members'

12 employer as a matter of law.  *Id.*

13     Yurcor, with The Mill's agreement or acquiescence, exercised control over

14 the amounts actually paid to Settlement Class Members, issuing Settlement Class

15 Members' Form W-4s, I-9s and W-2s in its own name.  SAC ¶7; Grebow Dec. ¶8.

16 As part of Defendants' misclassification of Settlement Class Members, Yurcor

17 held itself out as Settlement Class Members' "employer of record," and also held

18 itself out as Settlement Class Members' service provider as if Settlement Class

19 Members were independent contractors.  *Id.*

20     Pursuant to this arrangement, in addition to deducting the standard employer

21 payroll deductions from Settlement Class Members' paychecks for their work at

22 The Mill, Yurcor – without Class Members' authorization – unlawfully deducted

23 from the agreed-upon wages Yurcor's "administrative overhead costs."  SAC ¶¶7-

24 8; Grebow Dec. ¶8.  Yurcor's "administrative overhead costs" consisted of the

25 employer share of FICA, FUTA, SUI Taxes and workers' compensation

26 deductions.  *Id.*  As part of this scheme to enrich themselves at Settlement Class

27 Members' expense, The Mill and Yurcor willfully misclassified Settlement Class

28

4

1   Members as independent contractors when they were in fact Defendants'

2   employees.  SAC ¶8.

3        Plaintiffs allege Defendants' conduct violates Cal. Labor Code §§ 201,

4   201.5, 203, 221, 223, 224, 226.8 and 2743, Cal. Bus. and Prof. Code § 17200, and

5   gives rise to a common law claim for conversion.  SAC ¶9.  Plaintiffs and

6   Settlement Class Members seek lost wages, waiting time and statutory penalties,

7   interest, attorney's fees, costs, punitive damages and an order permanently

8   enjoining Defendants' unlawful conduct.  *Id.*

9        **b.  Procedural History**

10       Plaintiffs commenced this action in California Superior Court on September

11  14, 2012.  Dkt. 1 (Notice of Removal) at p. 14.  Grebow Dec. ¶7; 07-29-2013

12  Libicki Dec.¶ 7.  The action was removed to this Court on November 29, 2012.  *Id.*

13  at p. 1; Grebow Dec. ¶7; 07-29-2013 Libicki Dec.¶7.  Plaintiffs filed their

14  operative SAC on February 13, 2013.  Dkt. No. 25; Grebow Dec. ¶7; 07-29-2013

15  Libicki Dec.¶ 7.  On March 14, 2013, the parties participated in a full-day (13

16  hour) mediation and, after reaching an agreement, informed the Court of the

17  settlement of this action on March 19, 2013.  *See* Dkt. No. 31 (Defendants' Notice

18  of Settlement of Entire Action); Grebow Dec. ¶10; 07-29-2013 Libicki Dec.¶7.

19       On June 28, 2013, Plaintiffs moved the Court for preliminary approval of the

20  Settlement.  Dkt. No. 40.  On July 16, 2013, the Court denied Plaintiffs' motion

21  without prejudice based on Plaintiffs' request for attorney's fees.  Dkt. No. 43.

22  The Court reasoned it would not grant Plaintiffs' request for fees exceeding the

23  25% of the total settlement amount that is the "benchmark" in the 9th Circuit

24  without further detail regarding Plaintiffs' hours worked, billing rates and the

25  circumstances of the case.  *Id.* at 5 (citing *Paul, Johnson, Alston & Hunt v.*

26  *Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  The Court expressly ordered Plaintiffs

27  could renew their motion.  *Id.*  Accordingly, Plaintiffs addressed the Court's

28

5

concerns by agreeing to seek no more than the 25% "benchmark" in fees.  07-29-2013 Libicki Dec.¶¶7, 23.  Thereafter, on July 30, 2013, Plaintiffs renewed their motion for preliminary approval of the settlement (Dkt. No. 45).  To further allay any concern the Court might have with their renewed fee request, Plaintiffs filed a separate Motion for Attorneys' Fees (Dkt. No. 46) (before the due date for said motion) with detailed billing reports attached thereto (Dkt. Nos. 46-02, 46-03 and 46-04).  They did so to demonstrate that fee request should be preliminarily approved, and to afford Settlement Class Members a longer opportunity to consider their fee request before the objection deadline.[2]

After a hearing and after the parties updated the schedule set forth in the settlement agreement to reflect the passage of time since Plaintiffs initially sought preliminary approval (Dkt. Nos. 48 and 49) the Court preliminarily approved the settlement on December 16, 2013.  Dkt. No. 50.  The Court preliminarily certified the Settlement Class under Fed. R. Civ. P. 23(b)(1) and 23(b)(2) consisting of:

> All individuals who on or after September 14, 2009 and at any time up to and including March 14, 2013 worked or performed and completed services in California for The Mill Group, Inc. ("Mill") in the pre-production, production or post-production process of motion pictures, television programs advertising, game art or other visual content, as to whom The Churchill Benefit Corporation dba Yurcor ("Yurcor")

---

[2] As Plaintiffs noted in their fee motion at Dkt. No. 46-1, p. 3, "while the Court may preliminarily approve the fee request if and when it grants preliminary approval, it should not finally rule on the instant Motion at that time. Rather, Settlement Class Members should have an opportunity to object to Class Counsel's fee request, Class Counsel will respond to any such objections, and the Court may then make a final ruling on this Motion at the same time that it rules on final

6

performed services for the Mill and/or the respective individual (for example, payroll processing services, "Employer of Record" services or "Yurcor's third party payroll services program").

The Court appointed the named Plaintiffs as class representatives for the Settlement Class and appointed Schwartz, Steinsapir, Dohrmann & Sommers LLP, Grebow and Rubin LLP and Stember Feinstein Doyle Payne & Kravec, LLC[3] as class counsel pursuant to Fed.R.Civ.P. 23(g). Dkt. No. 50 at 4. The Court approved the parties' Class Notice and directed the parties to publish and mail the notice. *Id.* at 6. The Court set the Fairness Hearing for April 21, 2014, directed Plaintiffs to move for final approval by March 24, 2014 and ordered any objections to the settlement be served on counsel and filed with the Court no later than February 28, 2014. *Id.* at 6; 9-10.

### c. The Parties' Settlement

The Settlement is highly favorable and provides meaningful monetary relief to Settlement Class Members. Defendants will pay a total Settlement Amount of $1,350,000 for all claims. Settlement Agreement at p. 12; Grebow Dec. ¶12. After case contribution awards of $1,500 to each named Plaintiff (*Id.* at p. 13), litigation costs estimated at $10,000 (*Id.* at 22), attorneys' fees at no greater than 25% of the settlement amount (i.e., $337,500) (*Id.*) and administration costs (estimated at $11,000), approximately $985,500 (73% of the settlement fund) is available for distribution to Settlement Class Members (including $10,000 to the California

---

approval of the proposed Settlement." Plaintiffs now ask that the proposed order re fees lodged July 30, 2013 be issued.

[3] Now re-named Feinstein Doyle Payne & Kravec, LLC. Dkt. No. 35.

7

1 │ Labor Workforce Development Agency[4]).  *See* Grebow Dec. ¶12; 07-29-2013
2 │ Libicki Dec.¶21).

3 │    Settlement Class Members will receive relief in two forms.  First, Settlement
4 │ Class Members will receive amounts due to them as wages that Defendants
5 │ deducted from their pay to cover employer payroll taxes (identified in the
6 │ Settlement Agreement as "Disputed Payroll Deductions"), equal to approximately
7 │ $437,643.73.  *See* Settlement Agreement at p. 12-13; Grebow Dec. at ¶12(a); 07-
8 │ 29-2013 Libicki Dec.¶ 21.  Second, Settlement Class Members will receive a
9 │ waiting-time penalty calculated by dividing the remaining portion of the settlement
10 │ funds evenly between Settlement Class Members, currently anticipated to be
11 │ approximately $2,600 per Settlement Class Member.  Settlement Agreement at p.
12 │ 13; Grebow Dec. at ¶ 12(b); 07-29-2013 Libicki Dec.¶21).

13 │    This Settlement is based on a full and comprehensive understanding of
14 │ Plaintiffs' claims.  Class Counsel reached the Settlement after a vigorous full-day,
15 │ arms-length mediation.  Grebow Dec. ¶10; 07-29-2013 Libicki Dec.¶12.  The
16 │ Settlement is based on Class Counsel's extensive investigation during the
17 │ prosecution of this action, including both independent factual research and legal
18 │ research as to the strength of Plaintiffs' claims and any applicable defenses thereto.
19 │ Grebow Dec. ¶6; 07-29-2013 Libicki Dec.¶10.  Class Counsel considered the risks
20 │ of litigating the action and the likelihood of prevailing at trial.  Grebow Dec. ¶14.
21 │ Class Counsel also considered the risks of seeking class certification which, while

22 │

23 │ ───────────────

24 │ [4] Payments to the California Labor and Workforce Development Agency
25 │ ("CLWDA") are a common feature of class action settlements dealing with
     │ California wage and hour law.  *See*, *Morales v. Stevco, Inc.*, 1:09-CV-00704 AWI,
26 │ 2012 WL 1790371, at *3-4 (E.D. Cal. May 16, 2012) *report and recommendation*
     │ *adopted in part*, CIV-F-09-0704 AWI, 2013 WL 1222058 (E.D. Cal. Mar. 25,
27 │ 2013) (granting final approval of class action settlement including payment to

28 │
                                          8

Plaintiffs are confident their claims warrant class treatment, nevertheless carries the risk the Court would deny class certification or certify a smaller class or for narrower relief than Plaintiffs seek or is available through the Settlement. Plaintiffs also considered the risks of proving liability, including overcoming Defendants' numerous defenses to liability.  Finally, Plaintiffs also considered the challenges attendant in calculating and proving damages.

In sum, Plaintiffs entered into this settlement after considering their extensive investigation, the delay involved with litigating this case on the merits, the risks of seeking class certification, the risks in proving liability and damages, and the likelihood of an appeal following trial.  Accordingly, Plaintiffs and Class Counsel recommend the Settlement as fair, reasonable and adequate.  *See* Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21.

### d.  Notice to Settlement Class Members

Pursuant to the Court's Order, Plaintiffs have effected the Class Notice provided for in the Settlement Agreement by mailing notice directly to Settlement Class Members and by posting the notice and related documents on the law firm website of Feinstein Doyle Payne & Kravec, LLC.  03-24-2013 Libicki Dec.at ¶¶5-6; Morales Dec. at ¶¶2-10.  This notice satisfies the requirements of Fed.R.Civ.P. 23 and due process because it is the best notice practicable under the circumstances.  *Cohorst v. BRE Properties, Inc*., 10CV2666 JM BGS, 2012 WL 153754, at *2-3 (S.D. Cal. Jan. 18, 2012), *appeal dismissed* (Sept. 5, 2012) (finding direct mail notice, where feasible, is the best practicable notice) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 165 (1974)).  To this date, no Settlement Class Member has objected to the Settlement.  03-24-2013 Libicki Dec.at ¶8; Morales Dec. at ¶¶11-12.  To the contrary, Class Counsel have received

CLWDA); *Wietzke v. CoStar Realty Info., Inc.,* 09CV2743 MMA WVG, 2011 WL

9

1  phone calls and otherwise communicated with Settlement Class Members, all of

2  whom are pleased with the Settlement.  *Id.* at ¶7.

3  **III.   THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

4         **AND FINAL APPROVAL SHOULD BE GRANTED**

5         The Court should approve the Settlement because it is fair, reasonable and

6  adequate.  Fed.R.Civ.P. 23(e) (providing the court may approve a settlement

7  binding class members only after finding the settlement is fair, reasonable and

8  adequate).  The Ninth Circuit provides district courts broad discretion in

9  determining whether to approve a proposed class settlement.  *Class Plaintiffs v.*

10  *City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).  The Ninth Circuit also

11  recognizes a "strong judicial policy that favors settlements, particularly where class

12  action litigation is concerned."  *Id.  See also Van Bronkhurst v. Safeco Corp.*, 529

13  F.2d 943, 950 (9th Cir. 1976) ("there is an overriding public interest in settling and

14  quieting litigation; [t]his is particularly true in class action suits).  Accordingly, for

15  the reasons set forth herein, the Court should find the Settlement is fair, reasonable

16  and adequate and grant final approval of the Settlement.

17         **a.  Legal Standard**

18         The Ninth Circuit requires district courts to consider "some or all" of eight

19  factors in determining whether a class action settlement is "fair, reasonable and

20  adequate" as required by Federal Rule of Civil Procedure 23(e)(2). *Rodriguez*, 563

21  F.3d at 963. These factors include:

22         (a) the strength of the plaintiff's case;

23         (b) the risk, expense, complexity, and likely duration of further litigation;

24         (c) the risk of maintaining class action status throughout the trial;

25         (d) the amount offered in settlement;

26

27  817438, at *2 (S.D. Cal. Mar. 2, 2011) (same).

28                                    10

(e) the extent of discovery completed and the stage of the proceedings;

(f) the experience and views of counsel;

(g) the presence of a governmental participant[5]; and

(h) the reaction of the class members to the proposed settlement.

*Id. See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This list is not intended to be exhaustive, and the importance of each factor will depend upon the nature of the claim, the type of relief sought, and the unique facts and circumstances of each case. *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1040-41 (N.D. Cal. Jan. 9, 2008).  As demonstrated below, under the circumstances of this case, this Settlement satisfies the criteria for approval.

### b.  Argument as to Settlement Approval

#### i.  The Strength of the Plaintiffs' Case

The "risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" is a key factor in evaluating a proposed settlement.  *In re Omnivision Techs.*, 559 F.Supp.2d at 1041 (*citing Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*, 213 F.3d 454, 458 (9th Cir. 2000)).  Here, the balance weighs in favor of approving the Settlement because the Settlement provides Settlement Class Members with the certainty of prompt recovery of all the unpaid wages they could obtain at trial, plus an additional penalty payment.  Grebow Dec. ¶14, Libicki Dec. ¶21.  This balance also weighs in favor of approving the Settlement because of the risk of litigation.  This is a complex case and there is no guarantee Plaintiffs would prevail were they to litigate the case on the merits, particularly given the novelty of Defendants' employment model and absence of direct precedent for Plaintiffs' success on the

---

[5] Because there is no government participant to this litigation, this factor does not apply.  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)(" There is no governmental participant in this Class Action. As a result, this factor does not apply to the Court's analysis").

11

1   particular facts at issue.  Therefore, it is imprudent to continue to litigate when the

2   Settlement already secures real and meaningful monetary relief for Settlement

3   Class Members.  Accordingly, this element supports approving the Settlement.

4              ***ii.   The Risk, Expense, Complexity, and Likely Duration of***

5                       ***Further Litigation***

6              This factor weighs in favor of approving the Settlement because litigating

7   this matter would be protracted, expensive and would have no guarantee of

8   obtaining greater relief than the Settlement provides.  By its very nature as a class

9   action, litigating this matter would be complex and expensive.  It is for these

10  reasons courts generally favor settling class actions. *In re Heritage Bond Litig.*,

11  No. 02-ML-1475, 2005 WL 1594403, at *6 (C.D. Cal. June 5, 2005), *citing Maley*

12  *v. Del Global Tech. Corp.*, 186 F.Supp.2d 358, 364 (S.D.N.Y. 2002); *In re*

13  *Sumitomo Cooper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y.1999) ("class action suits

14  in general have a well-deserved reputation as being most complex ....").  As courts

15  in this District recognize, "[i]n most situations, unless the settlement is clearly

16  inadequate, its acceptance and approval are preferable to lengthy and expensive

17  litigation with uncertain results."  *In re Heritage Bond Litig.*, 2005 WL 1594403, at

18  *6, *quoting Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526

19  (C.D. Cal. 2004) (*quoting* 4 A. Conte & H. Newberg, Newberg on Class Actions, §

20  11:50 at 155 (4th ed.2002)(internal quotations omitted).

21             Absent settlement, the parties will expend significant time and resources

22  litigating this matter, engaging in merits discovery, briefing and arguing class

23  certification and dispositive motions, trying the case, and waiting for the Ninth

24  Circuit to resolve any appeal.[6]  Further litigation would expend the parties' and the

25

26  ─────────────────────

27  [6] See *ASIS Internet Servs. v. Member Source Media, LLC*, 2008 WL 4164822, at
    *2 (N.D. Cal. Sept. 8, 2008)  ("The Administrative Office of the U.S. Courts

28                                              12

Court's time and resources with no guarantee that Plaintiffs would achieve any recovery, while Settlement Class Members would only stand to gain additional fees and penalties on top of the unpaid wages they will recover under the Settlement.   Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21.   Accordingly, this factor weighs strongly in favor of Settlement approval.

### iii.   The Risk of Maintaining Class Action Status Throughout the Trial

This factor weighs in favor of settlement because, while Defendants do not oppose certifying the Settlement Class, there is every indication Defendants would vigorously contest certifying a litigation class.   Although Plaintiffs and Class Counsel believe that the putative class warrants certification, they also recognize the risk the Court denies certification or certifies a narrower class than the Settlement Class.   Additionally, regardless of whether the Court grants or denies a contested motion for class certification, either party would have the right to petition the Ninth Circuit to review the decision pursuant to Fed.R.Civ.P. 23(f), increasing the risk that litigation would cause the parties to expend further time and resources.   Accordingly, the risks involved in seeking to certify and maintain this action as a class action throughout trial weigh in favor of approving the Settlement. *In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436, 460 (S.D.N.Y. 2004) (concluding settlement was appropriate because defendants may contest class certification "thereby creating appreciable risk to the class members' potential for recovery").

### iv.   The Amount Offered in Settlement

This factor weighs in favor of approving the Settlement because each Settlement Class Member is eligible to receive the full amount Defendants

---

indicates that the median time for an appeal in the Ninth Circuit to be resolved is

13

1   unlawfully deducted from their wages, together with an additional penalty

2   payment.  Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21.  The most Settlement

3   Class Members would gain through litigation are additional penalty payments

4   since the Settlement already returns Settlement Class Members' out-of-pocket

5   losses.  *Id.*  However, Fed.R.Civ.P. 23(e) does not require Settlement Class

6   Members receive ***all*** the relief they could potentially recover in order for the

7   settlement to be fair, reasonable and adequate.  This is because, as the Ninth

8   Circuit has recognized, settlement by its nature is a compromise and therefore a

9   settlement need not reflect the best possible result in the litigation, but need only be

10  reasonable.  *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 624-25 (9th

11  Cir. 1982) ("[T]he very essence of a settlement is compromise, a yielding of

12  absolutes and an abandoning of highest hopes....  [Accordingly,] [t]he proposed

13  settlement is not to be judged against a hypothetical or speculative measure of what

14  might have been achieved....") (internal citations omitted).  The Settlement satisfies

15  this standard because it squarely addresses Settlement Class Members' injuries

16  through meaningful monetary relief.

17              ***v.  The Extent of Discovery Completed and the Stage of the***

18                          ***Proceedings***

19          This factor weighs in favor of approving the settlement because, although

20  the parties settled early in the litigation, Class Counsel conducted a thorough legal

21  and factual investigation enabling them to properly evaluate the Settlement.

22  Formal discovery is not a prerequisite for class action settlements as long as

23  counsel for both parties possess sufficient information to properly evaluate the

24  proposed settlement.  *Glass v. UBS Financial Services. Inc.*, No. 06-CV-4068,

25  2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), citing *In re Mago Fin. Corp.*

26

27  17.4 months").

28
                                    14

1    *Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).   Class Counsel conducted an

2    extensive   investigation   prior   to   commencing   this   action   and   continued

3    investigation and research through the mediation, enabling them to properly and

4    fairly assess the merits of the proposed settlement agreement.   07-29-2013 Libicki

5    Dec.¶¶6, 9-12.      Accordingly, this factor weighs in favor of approving the

6    settlement.

7                    ***vi.  The Experience and Views of Counsel;***

8            Class Counsel recommend approving the settlement, and respectfully assert

9    the Court should give this recommendation weight based on their extensive and

10   lengthy experience as class action attorneys litigating claims such as those at issue

11   here.   *See* Grebow Dec. ¶14; 07-29-2013 Libicki Dec.¶21; Exhibits B - E to part 3

12   of the Grebow Dec. (Dkt. No. 45-04) ("Firm Resumes").    Courts afford a

13   presumption   of   reasonableness   to   recommendations   by   plaintiffs'   counsel

14   regarding a proposed settlement.   *In re Omnivision Techs.*, 559 F. Supp. 2d at 1043

15   (citing *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)).

16   Furthermore, when "[b]oth parties are represented by experienced counsel [] their

17   mutual desire to adopt the terms of the proposed settlement, while not conclusive is

18   entitled to a great deal of weight."   *In re Immune Response Sec. Litig.*, 497 F.

19   Supp.2d 1166, 1174 (S.D. Cal. 2007), citing *Williams v. Vukovich*, 720 F.2d 909,

20   922-23 (6th Cir. 1983).  As described in the Firm Resumes, Feinstein Doyle Payne

21   & Kravec, LLC ("FDPK") has a prominent national class action practice, and has

22   represented employees in numerous class actions around the country, including in

23   federal court in California.  Firm Resumes at p. 17.  Arthur Grebow of Grebow &

24   Rubin, LLP has over 45 years of experience as a litigator in State and Federal

25   Courts and has participated in the prosecution and defense of numerous class

26   actions.  *Id.* at p. 13.  Schwartz, Steinsapir, Dohrmann & Sommers, LLP has

27   extensive experience in the practice of labor and employment law and has served

28                                                    15

as trial counsel in several class actions.  *Id.* at p. 3.  Accordingly, the Court should give significant weight to Class Counsel's recommendation and find the settlement is fair, reasonable and adequate.

### vii.  Settlement Class Members' Positive Response and the Absence of Objections Support Approving the Settlement

This factor weighs heavily in favor of approval because the reaction from Settlement Class Members to the Settlement has been exclusively positive.  In accordance with the notice plan approved by the Court (Dkt. No. 50 at p. 6), notice was mailed directly to Settlement Class Members and was published on the website of Feinstein Doyle Payne & Kravec, LLC.  Libicki Dec. at ¶¶5-6.  Significantly, no Settlement Class Member objected to the Settlement and the February 28, 2014 deadline to object has passed.  Libicki Dec. at ¶8.  Accordingly, this factor weighs heavily in favor of approving the Settlement.  *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members") (citing cases).

### c.  Settlement Class Members' Reaction Supports Plaintiffs' Motion for Attorney's Fees

As set forth above, Plaintiffs separately filed their Motion for an Award of Attorney's Fees, Reimbursement of Expenses, and Case Contribution Awards (Dkt. No.  46) together with declarations attaching detailed billing records in support of their fee request (Dkt. Nos. 46-02, 46-03 and 46-04).  Plaintiffs moved for fees separately in order to give Settlement Class Members the opportunity to object to the fee request.  Dkt. No. 46 at p. 2.  Since no Settlement Class Member objected to Plaintiffs' fee request, Plaintiffs respectfully request the Court grant the

16

motion for the reasons detailed therein and in the declarations and attachments thereto.  *See* 03-24-2013 Libicki Dec.¶8; Morales Dec. at ¶11.  Accordingly, Plaintiffs request that the proposed order re fees lodged July 30, 2013, and refiled concurrently herewith for the Court's convenience be issued.

## IV.  CONCLUSION

For the reasons set forth herein, this Class meets all prerequisites for certification and the Settlement merits final approval. The circumstances have not changed since the Court's Preliminary Approval Order, and no objection has been filed as to the certification of such a Class or approval of the Settlement.  As such, Plaintiff respectfully requests that the Settlement Class should now be finally certified under Rule 23 and the Settlement (including the fee award) be approved in all respects.

DATED:  March 24, 2014                    Respectfully submitted,


                                          WILLIAM T. PAYNE
                                          PAMINA EWING
                                          FEINSTEIN DOYLE
                                            PAYNE & KRAVEC, LLC


                                          ARTHUR GREBOW, ESQ.
                                          GREBOW & RUBIN LLP

                                          STUART LIBICKI
                                          SCHWARTZ, STEINSAPIR,
                                            DOHRMANN & SOMMERS LLP



                                          By:_____/s/ Stuart Libicki_____
                                               STUART LIBICKI
                                               Attorneys for Plaintiffs

                                          17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT